**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-11125

ROCHELLE MCGUIRE, Individually as Next Friend and on Behalf of the Two Minor Children of Shelia A. Moore, Deceased

Plaintiff-Appellant

VERSUS

CHARLES A. TURNBO, Warden, Federal Correctional Institution at Fort Worth; JOHN DOE SINES, Lieutenant at the Federal Correctional Institution at Fort Worth; FREDDIE CASHAN, Correctional Officer at the Federal Correctional Institution at Fort Worth; JOHN DOE MILLER, Correctional Officer at the Federal Correctional institution at Fort Worth; JOHN DOE TURNER, Correctional Officer at the Federal Correctional Institution at Fort Worth; JANE DOE REYES, Physician's Assistant at the Federal Correctional Institution at Fort Worth; JOHN DOES 1 TO 10, Federal Correctional Institution Personnel, in their individual and official capacities,

Defendants-Appellees

Appeal from the United States District Court
For the Northern District of Texas
March 31, 1998

Before REYNALDO G. GARZA, DUHÉ, and STEWART, Circuit Judges.

JOHN M. DUHÉ, JR., Circuit Judge:

**I**

Shelia Moore, a federal inmate incarcerated for a narcotics offense, was placed in an Administrative Detention cell for suspicion of taking an unknown substance. Two hours later, she began screaming and threw a nightstand. The attending officer called the prison's hospital for medical assistance. An ambulance took Moore to the hospital where she died the next day of an acute

overdose of cocaine.

On December 6, 1991, Rochelle McGuire, Moore's mother, sued the warden, Charles Turnbo, and other prison personnel for Moore's wrongful death and under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)[1] for violating Moore's Fifth, Eighth, and Fourteenth Amendment rights.

Three months after filing suit, the clerk of court prepared summonses, for the named Defendants, the U.S. Attorney for the Northern District of Texas, and the United States Attorney General. McGuire requested that the clerk delay issuing the summonses. On April 9, 1992, McGuire successfully moved to enlarge the time to effect service to April 20. In May, the district court found that Plaintiff had not yet filed proofs of service and dismissed the complaint without prejudice. In June, McGuire successfully moved for a new trial stating that the Defendants had been served but that the proofs of service had not been filed. Attached to her motion were certified return receipts addressed to the Defendants and two affidavits from her counsel and his paralegal averring that counsel had delivered personally a copy of the complaint and summons to the U.S. Attorney's office on April 9.

The district court set a new deadline of June 24, 1993 for McGuire to file the proper proofs of service with the clerk of court. McGuire again successfully moved for an extension of time

---

[1]Under Bivens, a person may sue a federal agent for money damages when the federal agent has allegedly violated that person's constitutional rights. After Bivens, one is no longer limited to suing for conduct that would, if done by a private actor, be condemned by state law.

to file proofs of service.  The district court gave McGuire until September 15, 1993 to comply but warned that failing to do so could result in a dismissal of the suit against any unserved defendant. McGuire filed proofs of service on Turnbo, Reyes, and Turner.

In December 1993, all Defendants moved to dismiss or alternatively for summary judgment.  The unserved Defendants argued for dismissal based on McGuire's failure to effect service timely. The served Defendants argued 1) that McGuire's Fourteenth Amendment claim applied to state action only and not to the actions of federal employees, 2) that the Bivens claims had prescribed because McGuire did not timely sue and she failed to timely serve the defendants, and 3) that McGuire failed to name the United States as a defendant in her Federal Tort Claims Act ("FTCA") claim.  The district court then ordered additional briefing.

In McGuire's response, she attempted to retract her prior statements that she had not named the United States as a party under the FTCA and that her suit could not be maintained under the act.  She also amended her complaint to include the United States as a party.

The district court dismissed both the original and amended complaints with prejudice.  As to the FTCA claim, the court held that the amended complaint did not relate back to the original complaint because the United States did not receive notice within the limitations period.  It dismissed the Bivens claims against all unserved defendants finding that Bivens action required personal service.  Further, it dismissed the Fourteenth Amendment claim

3

against the served defendants finding it inapplicable to McGuire's case alleging wrongful conduct. The court dismissed the Fifth and Eighth Amendment claims, finding that McGuire had failed to timely serve Turner, Turnbo, and Reyes. In determining that the service was untimely the court applied Texas law for the limitations and tolling periods.

## II

We review a Rule 12 dismissal <u>de</u> <u>novo</u>. <u>See</u> <u>generally</u>, <u>Pfau v. Reed</u>, 125 F.3d 927, 932 (5th Cir. 1997); <u>St. Paul Reinsurance Co. v. Greenberg</u>, 1998 WL 49084, at *4 (5th Cir. 1998).

### A. BIVENS CLAIMS

Under <u>Bivens</u>, a victim who has suffered a constitutional violation by a federal actor can recover damages in federal court. <u>Id.</u> at 395-97. McGuire's complaint contained three <u>Bivens</u> causes of action. First, she alleged that Moore's treatment violated the Eighth Amendment's prohibition of cruel and unusual punishment. Second, she alleged that the Defendants had violated Moore's right to due process of law under the Fifth Amendment. Last, McGuire alleged that the Defendants had violated Moore's rights under the Fourteenth Amendment.

### 1. Fourteenth Amendment Claim

The Fourteenth Amendment, by definition, requires state action. <u>See</u> U.S. CONST. amend. XIV. Here, McGuire is suing Defendants because of their deeds as federal employees and actors. Thus, McGuire cannot, as a matter of law, maintain a Fourteenth Amendment claim.

4

## 2. Unserved Defendants

We agree that McGuire's <u>Bivens</u> claims against the unserved defendants were properly dismissed. The district court granted McGuire several extensions and warned McGuire that if she did not file proof of service any claims against unserved defendants would be dismissed. Thus, McGuire received ample time and warning. She cannot now complain that the court erred in dismissing her complaints against those defendants.

## 3. Served Defendants

McGuire argues, as to the served defendants, that the court erred in finding her service untimely because she served those defendants within the extended deadline. The district court found that McGuire had timely filed her complaint but that she had not timely served it. The court looked to Texas law which states that merely filing suit does not toll the statute of limitations; rather the plaintiff must file suit within the limitations period and continuously exercise due diligence in serving the defendant for limitations to toll. <u>Hanslere v. Mainka</u>, 807 S.W.2d 3, 4 (Tex. App.--Corpus Christi 1991, no writ). Because McGuire did not serve defendants Turnbo, Turner, and Reyes until nearly two years after filing suit, the court found McGuire had not exercised due diligence. Thus, it reasoned, the suit was untimely as a matter of law.

When a plaintiff brings a <u>Bivens</u> action in federal court, those courts look to state law to determine the applicable limitations period. <u>Spina v. Aaron</u>, 821 F.2d 1126, 1128-29 (5th

5

Cir. 1987). The issue in this appeal, which this Court has never addressed, is whether a court deciding a <u>Bivens</u> suit should also borrow a state's service provisions. In <u>West v. Conrail</u>, 481 U.S. 35, 39 (1987), the Supreme Court held that "when an underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been 'commenced' in compliance with Rule 3 within the borrowed period." While the <u>Bivens</u> opinion does not state directly that its cause of action is based on federal law, Justice Harlan, in his concurrence, notes that the interests a <u>Bivens</u> claims protects are federal.

The district court erred in applying Texas' tolling provisions to this case. Here, McGuire brings a <u>Bivens</u> claim, which is based on federal law. Further, the district court found, and the Appellees do not contest, that McGuire filed her action within the limitations period. There is no question that McGuire complied with Rule 3. Therefore, we hold that McGuire's <u>Bivens</u> claims are not time barred.

McGuire's <u>Bivens</u> claims against the served Defendants do not fail for lack of service, either. According to Rule 4(m),[2] a plaintiff must serve the other parties within 120 days. FED. R. CIV. P. 4(m). Under Rule 6(b)(2), a court may extend the 120 day period if failure to serve resulted from excusable neglect. FED.

---

[2]At the time McGuire filed suit, the rule in effect was Rule 4(j). In 1993, Rule 4 was amended, and the substance of Rule 4(j) is now contained in Rule 4(m).

R. CIV. P. 6(b)(2).   According to the district court's last extension, McGuire had until September 15, 1993 to serve Defendants and file proofs of service.  She served and filed proofs on Turnbo, Turner, and Reyes on September 14.   Therefore, she has timely served her complaint on these Defendants.

**B. FTCA**

The FTCA waives the United States' sovereign immunity from tort suits, 28 U.S.C. § 2674, and is the exclusive remedy for compensation for a federal employee's tortious acts committed in the scope of employment.  28 U.S.C. § 2679.  To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant.  Atorie Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991).

McGuire argues that the district court erred in finding her FTCA claim untimely because her amended complaint asserting it did not relate back to the original complaint under Rule 15(c).  Rule 15(c) reads in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when. . . (2)the claim. . .asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth. . .in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the [120 day] period. . . for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

McGuire contends that the amended complaint relates back because

7

none of the Appellees had filed responsive pleading to her original complaint[3] and because the United States received notice within the time provided by Rule 4(m).

Appellees respond with three arguments:  (1) the complaint could not relate back because the United States did not receive notice within the FTCA limitations period; (2) even if the complaint related back, the court properly dismissed McGuire's FTCA claim for failing to serve the United States with 120 days of the original filing; and (3) McGuire waived her FTCA claim.

We address the waiver issue first.  To support their argument, the Appellees point out that McGuire stated in her response to their motion to dismiss that she could not pursue a claim under the FTCA because she had not sued the United States.  McGuire attempted to retract the statement in her re-briefed response to the motion to dismiss.  While the district court struck McGuire's attempted retraction, it pointed out that McGuire could (and did) amend her FTCA claim under Rule 15(a) since it was her first amendment and the defendants had not filed any responsive pleadings.[4]  Thus, McGuire did not waive her FTCA claim, and we now turn to the other arguments.

The first issue, one of first impression in this Circuit, is whether a complaint will relate back under Rule 15(c) when the

_____

[3]Under Rule 15(a), a party may amend at any time before a responsive pleading is served.

[4]Motions for summary judgment and to dismiss are not responsive.  See, Zaidi v. Ehrlich, 732 F.2d 1218, 1219 (5th Cir. 1984).

8

district court has enlarged Rule 4(m)'s notice period. The district court stated that the amended complaint could relate back only if the original complaint was timely filed and if the United States was timely served. FED. R. CIV. P. 15(c). To determine if McGuire's amended complaint fell within this rule, the district court relied upon Vernell v. United States Postal Service, 819 F.2d 108 (5th Cir. 1987). Vernell held that an amended complaint could relate back only if the United States received notice within six months after the administrative claim was denied. Id. at 110-11. Here, the district court found that McGuire did not notify the United States within the limitations period. We hold that the district court erred in so finding.

The district court mistakenly relied upon Vernell which was decided before Rule 15(c) was amended.[5] Under the old rule, an added party had to receive notice within the limitations period. The new rule, though, as mentioned above, allows the plaintiff to notify the defendant within the 120 days allowed for service. Further, the comments to amended Rule 15(c) state that the rule not only allows service during the 120 days but also during any extension the court may grant. FED. R. CIV. P. 15(c) advisory committee's notes. This Court's task, then, is to determine whether the United States received notice within Rule 4(m).

McGuire's attorney and his employee, in affidavits, swore that they had personally delivered a copy of the complaint and summons

---

[5]The new rule was amended five days before McGuire filed suit and so it unquestionably applies here.

to the Fort Worth U.S. Attorney's office on April 9, 1992. With respect to the United States, delivery of process to the United States Attorney satisfies the notice and the knew or should have known requirements of Rule 15(c). While the notice does not fall within Rule 4(m)'s 120 day period, it does fall within the enlargement the court granted.[6] Thus, the amended complaint did relate back.

Appellees final argument is that even if the amended complaint relates back, the court correctly dismissed the FTCA claim because the United States was not timely served. McGuire served the United States on April 9 which was five days after Rule 4(m)'s service period expired. We note that these last two arguments are similar, but service and notice have different requirements. Notice requires mailing or delivery of process to the U.S. Attorney or the Attorney General. FED. R. CIV P. 15(c). Service requires both delivery to the U.S. Attorney and mailing to the Attorney General a copy of the summons and complaint. FED. R. CIV. P. 4(i). Appellees and the district court do not discuss whether a copy of the complaint and summons was mailed to the Attorney General; however the record contains two return receipts from the Attorney General which show receipt on April 10 and 13. As mentioned earlier, the district court granted McGuire until April 20 to serve. All of these dates fall within that deadline; therefore, we hold that the United States was timely served.

---

[6]The court granted McGuire until April 20 to serve summonses and file proofs thereof.

## CONCLUSION

For the above reasons we AFFIRM in part and REVERSE in part the district court's grant of the motion to dismiss and REMAND for further proceedings.