IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No.  98-31236
_____

WAYNE MANIERI,

Plaintiff-Appellant,

v.

JAMES E. LAYIRRISON; ET AL,

Defendants,

KENNY GIACONE; MICHAEL DEAN; TANGIPAHOA PARISH
SHERIFF'S OFFICE; J. EDWARD LAYIRRISON, Sheriff;
TANGIPAHOA PARISH COUNCIL PRESIDENT GOVERNMENT, also
known as Parish of Tangipahoa; and GLENN CACIOPPO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-501-D)
_____

October 27, 1999

Before KING, Chief Judge, POLITZ and STEWART, Circuit Judges.


PER CURIAM:[*]

     Plaintiff-Appellant Wayne Manieri appeals from the district

court's dismissal of his complaint against Defendants-Appellees.

For the reasons stated below we AFFIRM in part and REVERSE in

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

part.

Manieri originally filed this action in the United States District Court for the Middle District of Louisiana (the "Middle District") alleging that Appellees violated his state and federal civil rights when they injured him during an arrest. The Middle District had personal jurisdiction over the parties but was an improper venue. The Middle District subsequently transferred this case to the United States District Court for the Eastern District of Louisiana (the "Eastern District") because it found that the Eastern District was "the most correct forum and Tangipahoa Parish is located in the Eastern District." While the transfer order did not specify the authority relied upon in transferring the case, it seems clear that the transfer was effected under 28 U.S.C. § 1406(a), which provides for the transfer of cases that "lay[] venue in the wrong...district."

The Eastern District subsequently dismissed Manieri's claims as time-barred. We review the court's dismissal de novo. Anderson v. Pasadena Indp. School Dist., 184 F.3d 439, 443 (5th Cir. 1999).

Manieri asserts federal civil rights claims under 42 U.S.C. §§ 1983, 1985, and 1986. Because there is no federal statute of limitations governing these sections, federal courts borrow the most appropriate statute of limitations from the forum state in which the action is brought. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). The analogous statute of limitations under

2

Louisiana law provides for a one year prescriptive period. See La. Civ. Code. Ann. art. 3492 (West 1994). Louisiana law also dictates that the prescriptive period is tolled upon filing. See La. Civ. Code. Ann. art 3462 (West 1994). If the case is filed in the incorrect venue, however, the prescriptive period is not tolled until the defendant is served with process. Id.

The Eastern District reasoned that because Manieri originally filed in an improper venue, and subsequently failed to serve Appellees within the prescriptive period, his action was time-barred. See La. Civ. Code Ann. art. 3462 (West 1994). It is undisputed that Manieri failed to serve Appellees within the one-year prescriptive period. Nor is it disputed that Manieri served Appellees within the 120-day time period provided by Fed. R. Civ. P. 4(m).

In their briefs, the parties' arguments center around what transfer statute was used to transfer the case. This argument misses the mark. The decisive issue in this case is whether Article 3462 applies to Manieri's federal claims. If Article 3462 applies, Manieri's claims were prescribed in the Middle District and would have been equally prescribed in the Eastern District, regardless of the statute used to transfer the case.

In cases based on federal law, Article 3462 will not bar a claim if the claim is filed within the prescriptive period and served on the defendants within the time period provided by the Federal Rules of Civil Procedure. The Supreme Court has

expressly rejected the notion that "when a federal court borrows a statute of limitations to apply to a federal cause of action, the statute of limitation's provisions for service must necessarily also be followed." West v. Conrail, 481 U.S. 35, 39 (1987). More recently, the Supreme Court recognized that if a case is in federal court on a state-created right "a plaintiff must serve process before the statue of limitations has run, if state law so requires for a similar state-court suit." Henderson v. United States, 517 U.S. 653, 657 n.2 (1996). The Court continued, however, that "[i]n a suit on a right created by federal law, filing a complaint suffices to satisfy the statute of limitations." Id.

This court has held the same. In McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998), we held that Texas's requirement that a plaintiff exercise "continuous due diligence" in serving a defendant to toll the statue of limitations does not apply to claims based on federal law and pursued in federal court. More specifically, we have held that Texas's "due diligence" requirement "does not apply to section 1983 actions in Texas federal court." Gonzales v. Wyatt, 157 F.3d 1016, 1021 n.1 (5th Cir. 1998) (citing Jackson v. Duke, 259 F.2d 3, n.6 (5th Cir. 1958)). The reasoning in these cases is equally applicable to Article 3462.

We hold that Article 3462 does not extinguish a federal claim, filed within the prescriptive period in a federal court of

4

competent jurisdiction and served in compliance with the Federal Rules of Civil Procedure. Because Manieri filed his federal claims in a federal court of competent jurisdiction within the prescriptive period and served Appellees within the time period provided by Fed. R. Civ. P. 4(m), the district court erred in dismissing these claims as time-barred. This holding serves only to rescue Manieri's federal claims. Manieri's state claims are still barred by operation of Article 3462.

For the foregoing reasons we AFFIRM the district court's judgment dismissing Plaintiff-Appellant's state law claims and REVERSE the judgment to the extent that it dismisses claims based on federal law. Appellees shall bear the costs of this appeal.