Bessette v. Dept. of Corrections (2006-003)

2007 VT 42

[Filed 01-Jun-2006]


 NOTICE: This opinion is subject to motions for reargument under
 V.R.A.P. 40 as well as formal revision before publication in the Vermont
 Reports. Readers are requested to notify the Reporter of Decisions,
 Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801 of
 any errors in order that corrections may be made before this opinion goes
 to press.

 2007 VT 42

 No. 2006-003


 Lawrence Bessette, Sr. and Supreme Court
 Constance Bessette, et al.
 On Appeal from
 v. Chittenden Superior Court


 Department of Corrections, et al. December Term, 2006


 Ben W. Joseph, J.

 Gregg M. Meyer of Kohn Rath & Meyer LLP, Hinesburg, for Plaintiff-Appellee.

 Stephen J. Soule of Paul Frank + Collins P.C., Burlington, for
 Defendant-Appellant.


 PRESENT: Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.


 ¶ 1. DOOLEY, J. In this interlocutory appeal, Paul Cotton, M.D.
 seeks reversal of an order reinstating him as a defendant in a wrongful
 death action brought by plaintiff, the estate of Lawrence Bessette, Jr.
 (FN1) Defendant contends that, although plaintiff completed service within
 the time allowed by a court-granted extension under Vermont Rule of Civil
 Procedure 6, the action against him was nevertheless time-barred because
 service occurred outside the sixty days provided for in Rule 3. We hold
 that service is still timely if completed within a properly awarded Rule 6
 extension, and therefore affirm. 
 
 ¶ 2. This case begins tragically on May 22, 2003, when Lawrence
 Bessette, Jr. committed suicide while incarcerated at the Vermont Northern
 Correctional Facility. Plaintiff brought a wrongful death action against
 the Department of Corrections (DOC) and the private medical and mental
 health care providers with which the DOC contracted to provide care to
 inmates. Plaintiff also named in its complaint various individual
 employees and agents of the DOC and its health care providers, including
 defendant Cotton.

 ¶ 3. Plaintiff commenced its lawsuit by filing a complaint on March
 22, 2005. It requested and received waivers of service of the complaint
 from all of the institutional defendants and a majority of the individual
 defendants. Defendant, however, did not waive service. Plaintiff and the
 lawyer who served as the registered agent for both defendant's business and
 one of the institutional defendants exchanged letters which led plaintiff
 to believe that defendant would waive service. Ultimately, however, no
 waiver arrived, and thus plaintiff sent a summons and complaint to the
 Chittenden County sheriff on May 11, 2005 with instructions for service. A
 week later, defendant had still not been served and so, on May 19, 2005,
 plaintiff filed a motion for an enlargement of time pursuant to Rule
 6(b)(1), which the court granted the next day. 
 
 ¶ 4. Defendant was finally served on May 25, 2005. Shortly
 thereafter he filed a motion to dismiss, claiming that under the two-year
 statute-of-limitations period for wrongful death actions, 14 V.S.A. § 1492,
 and under Rule 3, the last day he could have been served was May 21, 2005. 
 The superior court, Judge Norton presiding, agreed and dismissed defendant
 from the suit. Other defendants who were served during the Rule 6
 enlargement period subsequently filed their own motions to dismiss on the
 same grounds. This time, however, the superior court, Judge Joseph
 presiding, denied the motions, expressly rejecting Judge Norton's analysis. 
 Judge Joseph's order prompted plaintiff to successfully move to reinstate
 defendant as a party. This interlocutory appeal followed. 

 ¶ 5. In this case, both parties approvingly acknowledge our
 oft-cited rule that "if the filing of a complaint is to be effective in
 tolling the statute of limitations as of that filing date, timely service
 under the Rules of Civil Procedure must be accomplished." Weisburgh v.
 McClure Newspapers, Inc., 136 Vt. 594, 595, 396 A.2d 1388, 1389 (1979)
 (construing 12 V.S.A. § 466). In essence, their dispute is over what
 constitutes "timely service" under the Weisburgh rule. Significantly,
 neither party directly contends that "timely" means that service of process
 must be accomplished before the statute-of-limitations period has expired. 
 Defendant's argument is more limited. He claims that: (1) the Vermont
 rules, unlike their federal counterparts, do not provide for extensions for
 service in Rule 4 and thus the sixty-day period for service in Rule 3 is
 absolute; and, alternatively, (2) if the rules do provide for such
 extensions, the result would be a judicial enlargement of the
 statute-of-limitations period in violation of the doctrine of separation of
 powers. Defendant's notion that the sixty-day period under Rule 3 is
 absolute is also based on the argument that Rule 6 applies only once an
 action is commenced, and an action is not commenced until the complaint has
 been filed, the defendant has been served, and the return of service has
 been filed in a timely manner. We address, and reject, each argument in
 turn.
 
 ¶ 6. This case presents a question of law which we review de novo. 
 State v. Valyou, 2006 VT 105, ¶ 4, ___ Vt. ___, 910 A.2d 922 (mem.). Two
 procedural rules are implicated. Rule 3 states that "[w]hen an action is
 commenced by filing, summons and complaint must be served upon the
 defendant within 60 days after the filing of the complaint." Rule 6 allows
 for extensions of time "[w]hen by these rules or by a notice given
 thereunder or by order of court an act is required or allowed to be done at
 or within a specified time." V.R.C.P. 6(b). It provides that a court may
 grant an extension "for cause shown . . . at any time in its discretion"
 when: (1) the period originally prescribed has not expired, or (2) the
 originally prescribed time has expired, if the failure to act is the result
 of "excusable neglect." Id. Here, there is no question that plaintiff
 requested its Rule 6(b)(1) extension before the originally prescribed sixty
 days had expired.

 ¶ 7. Thus, the first question raised by defendant is whether the
 Vermont rules provide for extensions of time in which to complete service. 
 The Reporter's Notes expressly invite the use of Rule 6 for this purpose. 
 The Reporter's Notes to the original version of Rule 3, which set forth
 thirty as opposed to sixty days for service, state the following: "The
 30-day limit . . . puts the burden on a plaintiff who legitimately needs
 more time to seek enlargement of the period under Rule 6(b)." Reporter's
 Notes, V.R.C.P. 3. Additionally, we have previously upheld the "[r]eading
 [of] Rules 3 and 6(b) together," consistent with this note, for purposes of
 determining timely service under the rules. Morrisseau v. Estate of
 Fayette, 155 Vt. 371, 372, 584 A.2d 1119, 1119-20 (1990). In Morrisseau,
 we affirmed the dismissal of plaintiff's suit because it was "undisputed
 that the complaint was not served to certain defendants within the thirty
 days then required by the rule" and because it was "also undisputed that
 plaintiff did not request an extension of time under V.R.C.P. 6." Id. at
 372, 584 A.2d at 1119. Similar to Morrisseau, in affirming the dismissal
 of an action for untimely service in Weisburgh, we noted that not only had
 the period in which to complete service under Rule 3 expired, but that
 "[n]o motion to enlarge the time for completing service under V.R.C.P. 6
 was made within the period." Weisburgh, 136 Vt. at 595, 396 A.2d at 1389. 
 
 ¶ 8. Applying Rule 6 to extend the time for service in Rule 3 is
 consistent with federal practice, in which the time for service-120 days
 under Federal Rule of Civil Procedure 4(m)-can be enlarged in the court's
 discretion under Rule 6. There, the burden a plaintiff must meet to get an
 extension under Rule 4(m) and Rule 6 is subject to varying interpretations,
 but the applicability of Rule 6 to the time for service is clear. See 4B
 C. Wright & A. Miller, Federal Practice and Procedure § 1137, at 385-86 (3d
 ed. 2002) (stating that trial court "should" enlarge time for service "by
 exercising its discretion under either Rule 4(m) or Rule 6(b)" where
 plaintiff shows good cause for delay, and that court "might be able to do
 so even in the absence of good cause"); see, e.g., United States v.
 McLaughlin, 470 F.3d 698, 700 (7th Cir. 2006) (allowing Rule 6(b)
 extensions for time for service when plaintiff fails to meet a previously
 granted Rule 4(m) extension); McGuire v. Turnbo, 137 F.3d 321, 324 (5th
 Cir. 1998) ("Under Rule 6(b)(2), a court may extend the 120 day period if
 failure to serve resulted from excusable neglect."); Mendez v. Elliot, 45
 F.3d 75, 79 (4th Cir. 1995) ("Both Rule 4(m) and Rule 6(b) allow the
 district court discretion to extend the time for service."); Paden v.
 Testor Corp., 2004 WL 2491633 at * 2 (N.D. Ill. 2004) (considering
 discretionary standards of Rules 4 and 6 to be "essentially the same," and
 stating "[w]hile Rule 4(m) itself arguably does not provide for an
 extension of time prior to a failure to serve a defendant, clearly Rule 6
 allows for such an extension prior to the expiration" of the initial
 deadline); see also Henderson v. United States, 517 U.S. 654, 662-63 (1996)
 (stating "clear message" under federal rules that "[c]omplaints are not to
 be dismissed if served within 120 days, or within such additional time as
 the court may allow," and describing court's "discretion to enlarge the
 120-day period even if there is no good cause shown" (quotations omitted)). 
 
 ¶ 9. We are not persuaded, as defendant contends, that the Vermont
 rules prohibit extensions for service because our Rule 4, unlike the
 federal Rule 4(m), fails to provide for them. The fact that our Rule 4 is
 not identical to the federal rule in this instance compels no such
 prohibition where commentary to other rules, as well as our case law above,
 is to the contrary. See In re Estate of Cote, 2004 VT 17, ¶ 15, 176 Vt.
 293, 848 A.2d 264 (resolving ambiguity from statutory silence through
 consideration of statutory scheme as a whole); N. Singer, 3A Statutes and
 Statutory Construction § 67:14 (6th ed. 2003 Rev.) (describing use of
 canons of statutory construction to procedural rules; equating notes and
 opinions of rule drafters to notes of code revisors). Moreover, the plain
 language of Rule 6 makes it applicable to any time limit, except those
 specifically exempted from its scope. Time for service is not one of the
 expressly excluded time limits. See Payne v. Rozendaal, 147 Vt. 488, 500,
 520 A.2d 586, 593 (1986) (applying "long established and applied maxim of
 statutory construction, inclusio unius est exclusio alterius, [the
 inclusion of one thing [in a statute] implies the exclusion of others]"). 

 ¶ 10. In sum, we are not inclined to depart from our precedent and
 the interpretive notes to give different meaning to Rules 3 and 6 than that
 previously recognized. Instead, we make explicit what has been implicit
 all along-a properly granted Rule 6 extension can extend time for service
 under Rule 3. 

 ¶ 11. Defendant nevertheless maintains that even if such extensions
 are permitted by the rules, the effect will be to impermissibly enlarge the
 limitation periods set forth by the Legislature. Here, defendant's
 argument is internally inconsistent. Although he claims that his dismissal
 is proper because he was served after the running of the statute of
 limitations, he does not expressly challenge Rule 3's award of sixty days
 to complete service irrespective of the statute of limitations. Thus, he
 recognizes the general principle that even though a statute of limitations
 expires before service of a filed complaint is completed, the action is
 valid as long as service occurs in a timely fashion. This is the implicit
 holding of Weisburgh. 
 
 ¶ 12. Defendant's distinction between the two rules in this regard
 is untenable; whether the period for service is set by Rule 3 or Rule 6 is
 of no constitutional import. Taken to its logical conclusion, defendant's
 argument would render Rule 3 unconstitutional whenever the sixty-day period
 expired after the statute of limitations. We now expressly reject this
 proposition, as we implicitly rejected it in Weisburgh. A plaintiff need
 not file a complaint and complete service before the statute of limitations
 expires. Rather, where an action is commenced by the timely filing of a
 complaint, Weisburgh permits the statute of limitations to be tolled such
 that service may be completed after the limitation period has run so long
 as it is completed in a timely manner under the rules. 136 Vt. at 595, 396
 A.2d at 1389. To hold otherwise would effectively render tolling under
 Weisburgh meaningless.

 ¶ 13. Finally, the argument that extensions for service circumvent
 the statute of limitations is belied by the fact that, under Weisburgh, the
 date the complaint is filed controls the tolling of a statute of
 limitations. Id. Plainly, Rule 6 would not apply to the initial filing of
 a complaint when no other act to commence the action had been taken because
 the rule is limited to acts controlled by the procedural rules or by the
 court. V.R.C.P. 6(b). The date by which one must initiate an action is
 controlled by statute. The time permitted for service once a complaint has
 been filed, on the other hand, is a procedural matter controlled by the
 rules. 

 ¶ 14. Critically, this is not a case involving any abuse of
 extensions. Plaintiff properly obtained a Rule 6(b)(1) enlargement prior
 to the expiration of the original time prescribed, and it completed service
 days later. Neither plaintiff's diligence, nor the appropriateness of the
 Rule 6(b)(1) extension, is at issue here. While another set of facts may
 call into question the appropriateness of repeated extensions for service
 under Rule 6, this is not such a case. 

 Affirmed. 



 FOR THE COURT:


 _______________________________________
 Associate Justice 



------------------------------------------------------------------------------
 Footnotes

FN1. Mr. Bessette's parents were dismissed as plaintiffs.