Virginia CARTER, Plaintiff,

v.

**FEDERAL BUREAU OF PRISONS and United States Department of Justice, Defendants.**

No. EP–07–CV–433–PRM.

United States District Court, W.D. Texas, El Paso Division.

Sept. 23, 2008.

E.J. Hurst, II, Severna Park, MD, for Plaintiff.

Eduardo R. Castillo, Assistant United States Attorney, El Paso, TX, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Plaintiff Virginia Carter's ("Plaintiff") "Amended Complaint," filed on July 8, 2008; Defendants Federal Bureau of Prisons ("BOP") and United States Department of Justice's ("DOJ") (collectively "Defendants") "Amended Motion to Dismiss Plaintiff's Amended Complaint," filed on September 23, 2008; and Plaintiff's "Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint," filed on July 10, 2008.[1] After due consideration, the Court is of the opinion that Defendants' Motion should be granted.

---

1. Defendants filed their first "Motion to Dismiss Plaintiff's Amended Complaint" on July 10, 2008, (Docket No. 26). However, because they did not place Defendant DOJ in the style of the case, they sought leave from the Court to file an amended motion to correct this error. (Docket No. 31). The Court granted their motion, and on September 23, 2008, Defendants filed their "Amended Motion to Dismiss Plaintiff's Amended Complaint" (Docket No. 33). The Court simply notes this to explain the apparent discrepancy in the date of Plaintiff's response to Defendants' "Amended Motion to Dismiss Plaintiff's Amended Complaint."

## I. FACTUAL AND PROCEDURAL BACKGROUND

In October of 2005, Plaintiff[2] traveled from Illinois to the Greater El Paso area "for the purpose of visiting her husband," who at the time was a prisoner at BOP's Federal Satellite Low La Tuna ("La Tuna") location.[3] Pl.'s Am. Compl. ¶ 13. Plaintiff alleges that upon arriving at La Tuna, a BOP agent selected her for contraband testing pursuant to a mandate from its Director, Harley G. Lappin ("Director Lappin"). *Id.* ¶¶ 17, 19. Plaintiff states that Director Lappin mandated the occasional testing of visitors for "iconic residue" of "unnamed contraband" substances. *Id.* ¶ 17. Testing was accomplished using a device called the Ion Spectrometer. *Id.*

After the agent selected Plaintiff for testing, Plaintiff claims that she "observed the white gloves worn by the tester had darkened fingers." *Id.* ¶ 20. The subsequent ion spectrometry test administered to Plaintiff resulted in a positive reading, as did a secondary confirmation test. *Id.*

Plaintiff alleges that the agent who tested her failed to follow the procedures Director Lappin mandated, which included, in part, failing to use "clean gloves and changing said gloves between initial and confirmation testing."[4] *Id.* ¶ 21. As a result of Plaintiff's positive ion spectrometry test, she "was denied visitation with her husband." *Id.*

Although Director Lippin mandated a forty-eight hour prohibition for visitors who tested positive during ion spectrometry testing, a BOP Lieutenant informed her that she would be allowed to return the following day, considering the distance she had traveled. *Id.* ¶ 23. However, after returning the next day, Plaintiff alleges that a different BOP Lieutenant informed her that "he had decided she could not visit." *Id.* Plaintiff alleges that BOP "breached its duties voluntarily undertaken by Director Lappin's discretionary decision" to mandate ion spectrometry testing, and that as a result of said testing, she "expended $746.30 for airfare, hotel, meals, and rental car costs without being allowed to visit her husband." *Id.* ¶¶ 24–25.

Plaintiff claims that in November of 2005, she sought BOP's records relating to her positive ion spectrometry test under the Freedom of Information Act and the Privacy Act, 5 U.S.C. §§ 552 and 552a. *Id.* ¶ 26. After making this request, Plaintiff alleges that BOP informed her that it did not have a record of her positive test. *Id.* ¶ 28. Plaintiff then submitted a letter to La Tuna Warden Janice Killian, requesting that she expunge her "Notice of Denied Visitation" from BOP's records, to which she claims she did not receive a response. *Id.* ¶¶ 29–30.

Plaintiff then submitted an administrative claim against BOP, which was subsequently denied. *Id.* ¶¶ 34–36. As a result, Plaintiff brings the present action against

---

**2.** Plaintiff is currently serving time as a federal inmate on charges unrelated to this matter. Defs.' Am. Mot. to Dismiss Pl.'s Am. Compl. 1.

**3.** Plaintiff states that she made the trip to the Greater El Paso area "[o]n or about October 28, 2005." Pl.'s Am. Compl. ¶ 13. The Court thus treats the alleged incidents in Plaintiff's Amended Complaint as occurring during October of 2005.

**4.** Plaintiff alleges that because Director Lippin undertook the discretionary duty to man-

date ion spectrometry testing for Defendant BOP's facilities, his mandate required Defendant BOP to perform the testing in a non-negligent manner. Pl.'s Am. Compl. ¶ 18. As one of her cases for support, Plaintiff cites to *Payton v. United States*, 679 F.2d 475, 483 (5th Cir.1982) ("It is established in the Fifth Circuit that when the government undertakes to perform services which would not be required in the absence of specific legislation, it will be liable if these activities are performed negligently.") (citation omitted). *Id.*

Defendants under the Federal Torts Claims Act ("FTCA") for the amount of $746.30.[5]

Defendants counter Plaintiff's FTCA allegations by claiming (1) that Plaintiff has failed to state a claim upon which relief may be granted, and (2) that the Court lacks subject matter jurisdiction to hear her claim. Defs.' Am. Motion to Dismiss Pl.'s Am. Compl. 1. The Court will address these issues below.

## II. LEGAL STANDARD

■ "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by constitution and statute, which is not to be expanded by judicial decree . . . .") (internal citations omitted).

■ A party may thus seek dismissal of an action for "lack of subject matter jurisdiction." FED.R.CIV.P. 12(b)(1). When a court reviews such a motion, it must first address the jurisdictional challenge before looking to any other challenges contained therein. *See Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir.1994) ("A

FED.R.CIV.P. 12(b)(1) motion for lack of subject matter and personal jurisdiction must be considered by the district court before other challenges 'since the court must find jurisdiction before determining the validity of a claim.' ") (citation omitted).

In the present action, Defendants first claim that pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff has "failed to state a claim upon which the relief she seeks may be based." Defs.' Am. Mot. to Dismiss Pl.'s Am. Compl. 1. Defendants next assert that the Court does not have subject matter jurisdiction to decide this matter. *Id.* Before addressing Defendants' argument relating to Rule 12(b)(6), the Court must first determine whether it has subject matter jurisdiction to decide this matter.

## III. ANALYSIS

### A. FTCA

■ The FTCA "authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.' " *United States v. Olson*, 546 U.S. 43, 44, 126 S.Ct. 510, 163 L.Ed.2d 306 (2005) (quoting 28 U.S.C. § 1346(b)(1)).[6] Although a sovereign nation, the United States consents to suit under the FTCA

---

**5.** Plaintiff states that "[a]s of April 10, 2008, Defendant BOP issued a nationwide directive to 'immediately suspend all use of any ion spectrometry drug detection equipment. The software for these machines requires correction, and we have contacted the manufacturers to ensure they make the necessary modifications.' " Pl.'s Am. Compl. ¶ 31.

**6.** The full text of 28 U.S.C. § 1346(b)(1) reads as follows:

Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District

Court of the Virgin Islands, shall have exclusive jurisdiction over civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

through a waiver of its sovereign immunity. *See Ashford v. United States*, 511 F.3d 501, 504 (5th Cir.2007) (stating that under the FTCA, "the Government has waived sovereign immunity for personal injury claims caused by 'the negligent or wrongful act of any employee of the Government while acting within the scope of his [or her] office or employment'") (quoting 28 U.S.C. § 1346(b)(1)). When a party seeks to bring an FTCA claim against the United States, the proper place for him to bring his claim is in federal district court. *See Sheridan v. United States*, 487 U.S. 392, 398, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988) (stating that federal district courts have jurisdiction to hear claims brought against the United States under the FTCA).

### B. The Court Lacks Subject Matter Jurisdiction to Hear Plaintiff's FTCA Claim

■ In the present action, Defendants claim that the Court lacks subject matter jurisdiction to decide this matter because Plaintiff has failed to name the United States as a defendant. Defs.' Am. Mot. to Dismiss Pl.'s Am. Compl. 8. Defendants state that "the FTCA provides a cause of action solely as to the United States, and not its component agencies, for alleged negligent or wrongful acts or omissions committed by government employees acting within the scope of their employment." *Id.* Defendants further cite to, among other provisions, 28 U.S.C. § 2679(a), which reads:

The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

The Fifth Circuit has interpreted the FTCA to require a plaintiff to bring her action against the United States, and not simply the offending agency. *See McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir.1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant"); *Atorie Air Inc. v. F.A.A. of U.S. Dept. of Transp.*, 942 F.2d 954, 957 (5th Cir.1991) ("All suits brought under the FTCA must be brought against the United States."); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir.1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit.... Thus, an FTCA claim against a federal agency ... as opposed to the United States itself must be dismissed for want of jurisdiction.").

Although Plaintiff brought her suit against Defendants, which are agencies of the United States, she did not specifically name the United States as a defendant in this action. The Court finds that Plaintiff erred in this regard, and as a result of this error, the Court lacks the requisite subject matter jurisdiction to decide this matter.[7]

---

7. In response to Defendants' motion to dismiss, Plaintiff argues that in *Ali v. Federal Bureau of Prisons, et al.*, —— U.S. ——, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008), the Supreme Court ruled on the plaintiff's FTCA claim in that matter, even though the plaintiff did not explicitly name the United States as a defendant. Pl.'s Response in Opp'n to Defs.' Mot. to Dismiss Pl.'s Am. Compl. 5–6. In *Ali*, the Court dismissed plaintiff's $177 claim against prison officers for allegedly losing his property while transferring him to another facility. 128 S.Ct. at 834. The Court did not address the question of whether the plaintiff had to specifically name the United States as a defendant under the FTCA, and as such, *Ali* does not stand for the proposition cited by Plaintiff in the present action. Therefore, the Court declines to read *Ali* as Plaintiff does.

## C. Plaintiff's Claim Would Still Fail under Rule 12(b)(6)

■ Even if the Court had subject matter jurisdiction to decide this matter, Plaintiff's claim would still fail under Federal Rule of Civil Procedure 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions...." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (internal citations omitted).

In the present action, Defendants argue that Plaintiff's FTCA claim fails because "the liability of the United States under the FTCA arises only when the law of the state in which the acts or omissions complained of occurred would impose such liability." Defs.' Am. Mot. to Dismiss Pl.'s Am. Compl. 5. Defendant further argues that Plaintiff did not cite to any law under the state of Texas whereby "the United States, if a private person or entity, owed a duty to Plaintiff to either permit her admission to the premises of [La Tuna] under any particular circumstances or to perform visitor entrance screening procedures in such a manner as to assure her admission." *Id.*

Plaintiff counters this argument, contending that because the incident occurred at La Tuna, which is on federal land, Texas law does not apply. Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss Pl.'s Am. Compl. 3. Specifically, Plaintiff states that under the FTCA, "the law of the 'place,' not necessarily the law of the 'State,' applies to the sovereign immunity expressly waived by Congress. The 'place' this harm occurred was on a Federal Reservation, ... **and** not in the State of Texas." [8] *Id.* (emphasis in original).

After reviewing the relevant law, the Court finds that courts have consistently held that for the purposes of a claim brought under the FTCA, the "law of the place" means "the law of the state" in which the alleged tort occurred. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("Indeed, we have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA."); *Carlson v. Green,* 446 U.S. 14, 23, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) ("[A]n action under FTCA exists only if the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward."); *Quijano v. United States,* 325 F.3d 564, 567 (5th Cir.2003) ("The FTCA authorizes civil actions for damages against the United States ... under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred."); *Skipper v. United States,* 1 F.3d 349, 352 (5th Cir.1993) ("Under the FTCA, the United States is liable in damages only if a private person would be liable for the same allegedly negligent act or omission under the *laws of the state* within which the act or omission occurred.") (emphasis added).

Because the allegations contained within Plaintiff's Amended Complaint occurred at La Tuna, located in Anthony, Texas, then the laws of the State of Texas should apply to her FTCA claim. However, not only

---

8. While Plaintiff provides no Texas law whereby she could receive relief under the FTCA for Defendants' alleged tort, she also does not specifically cite to any federal law that would grant her relief. Instead, in her response to Defendants' motion to dismiss, Plaintiff seeks to assert a claim for general negligence. *See* Pl.'s Resp. in Opp'n to Def's Mot. to Dismiss Pl.'s Am. Compl. 7 (plaintiff asking "the Court whether any cause of action exists against Defendants for general negligence").

does Plaintiff fail to invoke any Texas law whereby she could receive relief, she claims that Texas law does not even apply to her FTCA claim. Because Plaintiff fails to rely on any Texas law as grounds for relief under the FTCA, she has failed to sufficiently state a claim upon which relief may be granted pursuant to Rule 12(b)(b).

## IV. CONCLUSION

Because Plaintiff has failed to explicitly name the United States as a defendant in her FTCA claim, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claim. Moreover, even if the Court had jurisdiction to decide this matter, it would still find that Plaintiff's claim would not survive a 12(b)(6) motion because she has not provided any grounds for relief under Texas law. Therefore, the Court concludes that Defendants' motion should be granted.

Accordingly, **IT IS ORDERED** that Defendants' "Amended Motion to Dismiss Plaintiff's Amended Complaint" (Docket No. 33) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Amended Complaint" (Docket No. 25) is **DISMISSED WITH PREJUDICE.**[9]

**IT IS FURTHER ORDERED** that any pending motions in this matter are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk of the Court shall close this matter.

---

9. The Court dismisses this matter with prejudice because it has already provided Plaintiff one opportunity to amend her complaint. Therefore, the Court does not find it necessary to allow her a second opportunity to amend her complaint.