# Dennis Morrisseau v. Estate of Frederick Fayette

[584 A.2d 1119]

No. 87-493

Present: Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed August 24, 1990

Motion for Reargument Denied November 29, 1990

*Samuelson, Portnow & Little, P.C.*, Burlington, for Plaintiff-Appellant.

*Paul, Frank & Collins, Inc.*, Burlington, for Defendants-Appellees.

**Dooley, J.** Plaintiff brought this action for declaratory judgment and specific performance of a contract to purchase Juniper Island in Lake Champlain, a property held by a group of eleven heirs as tenants in common. The trial court dismissed his complaint on two grounds. The first is procedural: plaintiff failed to comply with the time limits of V.R.C.P. 3 in serving process on several named defendants in the lawsuit, and never requested an enlargement of time under V.R.C.P. 6(b). The second derives from the liquidated damages provision of the contract, which limits the buyer's remedy upon the seller's breach to a return of his deposit. Plaintiff appeals. We affirm on the procedural ground and do not reach the remedies question.

■ ■ Plaintiff concedes that he failed to comply with V.R.C.P. 3, but contends that no prejudice to any defendants

was occasioned by the delay. Rule 3, however, does not require a showing of prejudice before dismissal. It says: "If service is not timely made . . ., the action may be dismissed on motion . . . ." See *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 660 (D. Md. 1986) (under similar Fed. R. Civ. P. 4(j), "the absence of prejudice is *not* of aid to a faulty plaintiff who presents no justifiable reason for his lack of diligent and timely conformance" with the rule). Here, it is undisputed that the complaint was not served to certain defendants within the thirty days then required by the rule; the trial court on August 20, 1987, noted that certain defendants had not yet been served, although the action commenced some two years earlier, on September 9, 1985. It is also undisputed that plaintiff did not request an extension of time under V.R.C.P. 6(b). The trial court thus concluded:

> Reading Rules 3 and 6(b) together, as well as taking into account the Reporter's Notes which specify that Rule 3 requires service within 30 days and places the burden on the plaintiff who legitimately needs more time to seek enlargement, the Court concludes that plaintiff has not fulfilled Rule 3's requirements. Indeed, the Court specially notes the long time periods which have elapsed in the case. Theresa Wall has not yet been served. Diane Fayette was served 477 days after the complaint was filed; Linda Fayette was served 390 days after the complaint was filed; Peter Fayette was served 375 days after the complaint was filed; and, James Fayette was served 338 days after the complaint was filed. The Court finds this inexcusable and hereby grants defendants' motions to dismiss.

We find no abuse of discretion in the court's ruling. Because the parties not properly served under Rule 3 were indispensable for the relief requested, dismissal of the complaint was appropriate.*

*Affirmed.*

---

\* The complaint also sought damages against the commissioners of the estate. That count, however, is not pursued or even mentioned in plaintiff's briefs to this Court, and accordingly is waived. Nor was it pursued in the many papers filed with the trial court subsequent to the complaint. The defendant heirs argued, in a memorandum filed on March 2, 1987 in support of the motions to dismiss for insufficient process, that dismissal of the three unserved defendants

---

required dismissal of the entire action since those defendants are indispensable parties. Plaintiff did not respond to this argument (contending only that the three heirs had actual notice and were not prejudiced by the defects in process); specifically, he makes no claim that the cause of action against the commissioners might survive should the specific performance and declaratory judgment counts be dismissed.