928 A.2d 514 (2007)
2007 VT 42
Lawrence BESSETTE, Sr. and Constance Bessette, et al.
v.
DEPARTMENT OF CORRECTIONS, et al.
No. 06-003.
Supreme Court of Vermont.
June 1, 2007.
*515 Gregg M. Meyer of Kohn Rath & Meyer, LLP, Hinesburg, for Plaintiff-Appellee.
Stephen J. Soule of Paul Frank & Collins, P.C., Burlington, for Defendant-Appellant.
Present: REIBER, C.J., DOOLEY, JOHNSON, SKOGLUND and BURGESS, JJ.
¶ 1. DOOLEY, J.
In this interlocutory appeal, Paul Cotton, M.D. seeks reversal of an order reinstating him as a defendant in a wrongful death action brought by plaintiff, the estate of Lawrence Bessette, Jr.[*] Defendant contends that, although plaintiff completed service within the time allowed by a court-granted extension under Vermont Rule of Civil Procedure 6, the action against him was nevertheless time-barred because service occurred outside the sixty days provided for in Rule 3. We hold that service is still timely if completed within a properly awarded Rule 6 extension, and therefore affirm.
¶ 2. This case begins tragically on May 22, 2003, when Lawrence Bessette, Jr. committed suicide while incarcerated at the Vermont Northern Correctional Facility. Plaintiff brought a wrongful death action against the Department of Corrections (DOC) and the private medical and mental health care providers with which the DOC contracted to provide care to inmates. Plaintiff also named in its complaint various individual employees and agents of the DOC and its health care providers, including defendant Cotton.
¶ 3. Plaintiff commenced its lawsuit by filing a complaint on March 22, 2005. It requested and received waivers of service of the complaint from all of the institutional defendants and a majority of the individual defendants. Defendant, however, did not waive service. Plaintiff and the lawyer who served as the registered agent for both defendant's business and one of the institutional defendants exchanged letters which led plaintiff to believe that defendant would waive service. Ultimately, however, no waiver arrived, and thus plaintiff sent a summons and complaint to the Chittenden County sheriff on May 11, 2005 with instructions for service. A week later, defendant had still not been served and so, on May 19, 2005, plaintiff filed a motion for an enlargement of time pursuant to Rule 6(b)(1), which the court granted the next day.
¶ 4. Defendant was finally served on May 25, 2005. Shortly thereafter he filed a motion to dismiss, claiming that under the two-year statute-of-limitations period for wrongful death actions, 14 V.S.A. § 1492, and under Rule 3, the last day he could have been served was May 21, 2005. The superior court, Judge Norton presiding, agreed and dismissed defendant from the suit. Other defendants who were served during the Rule 6 enlargement period subsequently filed their own motions to dismiss on the same grounds. This time, however, the superior court, Judge *516 Joseph presiding, denied the motions, expressly rejecting Judge Norton's analysis. Judge Joseph's order prompted plaintiff to successfully move to reinstate defendant as a party. This interlocutory appeal followed.
¶ 5. In this case, both parties approvingly acknowledge our oft-cited rule that "if the filing of a complaint is to be effective in tolling the statute of limitations as of that filing date, timely service under the Rules of Civil Procedure must be accomplished." Weisburgh v. McClure Newspapers, Inc., 136 Vt. 594, 595, 396 A.2d 1388, 1389 (1979) (construing 12 V.S.A. § 466). In essence, their dispute is over what constitutes "timely service" under the Weisburgh rule. Significantly, neither party directly contends that "timely" means that service of process must be accomplished before the statute-of-limitations period has expired. Defendant's argument is more limited. He claims that: (1) the Vermont rules, unlike their federal counterparts, do not provide for extensions for service in Rule 4 and thus the sixty-day period for service in Rule 3 is absolute; and, alternatively, (2) if the rules do provide for such extensions, the result would be a judicial enlargement of the statute-of-limitations period in violation of the doctrine of separation of powers. Defendant's notion that the sixty-day period under Rule 3 is absolute is also based on the argument that Rule 6 applies only once an action is commenced, and an action is not commenced until the complaint has been filed, the defendant has been served, and the return of service has been filed in a timely manner. We address, and reject, each argument in turn.
¶ 6. This case presents a question of law which we review de novo. State v. Valyou, 2006 VT 105, ¶ 4, ___ Vt. ___, 910 A.2d 922 (mem.). Two procedural rules are implicated. Rule 3 states that "[w]hen an action is commenced by filing, summons and complaint must be served upon the defendant within 60 days after the filing of the complaint." Rule 6 allows for extensions of time "[w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time." V.R.C.P. 6(b). It provides that a court may grant an extension "for cause shown . . . at any time in its discretion" when: (1) the period originally prescribed has not expired, or (2) the originally prescribed time has expired, if the failure to act is the result of "excusable neglect." Id. Here, there is no question that plaintiff requested its Rule 6(b)(1) extension before the originally prescribed sixty days had expired.
¶ 7. Thus, the first question raised by defendant is whether the Vermont rules provide for extensions of time in which to complete service. The Reporter's Notes expressly invite the use of Rule 6 for this purpose. The Reporter's Notes to the original version of Rule 3, which set forth thirty as opposed to sixty days for service, state the following: "The 30-day limit . . . puts the burden on a plaintiff who legitimately needs more time to seek enlargement of the period under Rule 6(b)." Reporter's Notes, V.R.C.P. 3. Additionally, we have previously upheld the "[r]eading [of] Rules 3 and 6(b) together," consistent with this note, for purposes of determining timely service under the rules. Morrisseau v. Estate of Fayette, 155 Vt. 371, 372, 584 A.2d 1119, 1119-20 (1990). In Morrisseau, we affirmed the dismissal of plaintiff's suit because it was "undisputed that the complaint was not served to certain defendants within the thirty days then required by the rule" and because it was "also undisputed that plaintiff did not request an extension of time under V.R.C.P. 6(b)." Id. at 372, 584 A.2d at 1119. Similar *517 to Morrisseau, in affirming the dismissal of an action for untimely service in Weisburgh, we noted that not only had the period in which to complete service under Rule 3 expired, but that "[n]o motion to enlarge the time for completing service under V.R.C.P. 6 was made within the period." Weisburgh, 136 Vt. at 595, 396 A.2d at 1389.
¶ 8. Applying Rule 6 to extend the time for service in Rule 3 is consistent with federal practice, in which the time for service  120 days under Federal Rule of Civil Procedure 4(m)  can be enlarged in the court's discretion under Rule 6. There, the burden a plaintiff must meet to get an extension under Rule 4(m) and Rule 6 is subject to varying interpretations, but the applicability of Rule 6 to the time for service is clear. See 4B C. Wright & A. Miller, Federal Practice and Procedure § 1137, at 385-86 (3d ed. 2002) (stating that trial court "should" enlarge time for service "by exercising its discretion under either Rule 4(m) or Rule 6(b)" where plaintiff shows good cause for delay, and that court "might be able to do so even in the absence of good cause"); see, e.g., United States v. McLaughlin, 470 F.3d 698, 700 (7th Cir.2006) (allowing Rule 6(b) extensions for time for service when plaintiff fails to meet a previously granted Rule 4(m) extension); McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir.1998) ("Under Rule 6(b)(2), a court may extend the 120 day period if failure to serve resulted from excusable neglect."); Mendez v. Elliot, 45 F.3d 75, 79 (4th Cir.1995) ("Both Rule 4(m) and Rule 6(b) allow the district court discretion to extend the time for service."); Paden v. Testor Corp., 2004 WL 2491633, at * 2 (N.D.Ill.2004)(considering discretionary standards of Rules 4 and 6 to be "essentially the same," and stating "[w]hile Rule 4(m) itself arguably does not provide for an extension of time prior to a failure to serve a defendant, clearly Rule 6 allows for such an extension prior to the expiration" of the initial deadline); see also Henderson v. United States, 517 U.S. 654, 662-63, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) (stating "clear message" under federal rules that "[c]omplaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow," and describing court's "discretion to enlarge the 120-day period even if there is no good cause shown." (quotations omitted)).
¶ 9. We are not persuaded, as defendant contends, that the Vermont rules prohibit extensions for service because our Rule 4, unlike the federal Rule 4(m), fails to provide for them. The fact that our Rule 4 is not identical to the federal rule in this instance compels no such prohibition where commentary to other rules, as well as our case law above, is to the contrary. See In re Estate of Cote, 2004 VT 17, ¶ 15, 176 Vt. 293, 848 A.2d 264 (resolving ambiguity from statutory silence through consideration of statutory scheme as a whole); 3A N. Singer, Statutes and Statutory Construction § 67:14 (6th ed. 2003 rev.) (describing use of canons of statutory construction to procedural rules; equating notes and opinions of rule drafters to notes of code revisors). Moreover, the plain language of Rule 6 makes it applicable to any time limit, except those specifically exempted from its scope. Time for service is not one of the expressly excluded time limits. See Payne v. Rozendaal, 147 Vt. 488, 500, 520 A.2d 586, 593 (1986) (applying "long established and applied maxim of statutory construction, inclusio unius est exclusio alterius, [the inclusion of one thing [in a statute] implies the exclusion of others]").
¶ 10. In sum, we are not inclined to depart from our precedent and the interpretive notes to give different meaning *518 to Rules 3 and 6 than that previously recognized. Instead, we make explicit what has been implicit all along  a properly granted Rule 6 extension can extend time for service under Rule 3.
¶ 11. Defendant nevertheless maintains that even if such extensions are permitted by the rules, the effect will be to impermissibly enlarge the limitation periods set forth by the Legislature. Here, defendant's argument is internally inconsistent. Although he claims that his dismissal is proper because he was served after the running of the statute of limitations, he does not expressly challenge Rule 3's award of sixty days to complete service irrespective of the statute of limitations. Thus, he recognizes the general principle that even though a statute of limitations expires before service of a filed complaint is completed, the action is valid as long as service occurs in a timely fashion. This is the implicit holding of Weisburgh.
¶ 12. Defendant's distinction between the two rules in this regard is untenable; whether the period for service is set by Rule 3 or Rule 6 is of no constitutional import. Taken to its logical conclusion, defendant's argument would render Rule 3 unconstitutional whenever the sixty-day period expired after the statute of limitations. We now expressly reject this proposition, as we implicitly rejected it in Weisburgh. A plaintiff need not file a complaint and complete service before the statute of limitations expires. Rather, where an action is commenced by the timely filing of a complaint, Weisburgh permits the statute of limitations to be tolled such that service may be completed after the limitation period has run so long as it is completed in a timely manner under the rules. 136 Vt. at 595, 396 A.2d at 1389. To hold otherwise would effectively render tolling under Weisburgh meaningless.
¶ 13. Finally, the argument that extensions for service circumvent the statute of limitations is belied by the fact that, under Weisburgh, the date the complaint is filed controls the tolling of a statute of limitations. Id. Plainly, Rule 6 would not apply to the initial filing of a complaint when no other act to commence the action had been taken because the rule is limited to acts controlled by the procedural rules or by the court. V.R.C.P. 6(b). The date by which one must initiate an action is controlled by statute. The time permitted for service once a complaint has been filed, on the other hand, is a procedural matter controlled by the rules.
¶ 14. Critically, this is not a case involving any abuse of extensions. Plaintiff properly obtained a Rule 6(b)(1) enlargement prior to the expiration of the original time prescribed, and it completed service days later. Neither plaintiff's diligence, nor the appropriateness of the Rule 6(b)(1) extension, is at issue here. While another set of facts may call into question the appropriateness of repeated extensions for service under Rule 6, this is not such a case.
Affirmed.
NOTES
[*] Mr. Bessette's parents were dismissed as plaintiffs.