NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 42

No. 2015-157

| | |
|---|---|
| Laura Clark as Personal Representative of the Estate of Christopher Tylie Jackson-Clark, et al. | Supreme Court |
| v. | On Appeal from Superior Court, Rutland Unit, Civil Division |
| Richard Baker, M.D., Mary Beerworth, M.D., et al. | September Term, 2015 |

William D. Cohen, J.

John F. Campbell of Law Offices of John F. Campbell, PC, Quechee, for Plaintiffs-Appellees.

Allan R. Keyes of Ryan Smith & Carbine, LTD., Rutland, for Defendants-Appellants
  Mary Beerworth, M.D., et al.

Keith Aten and Peter B. Joslin of Theriault & Joslin, P.C., Montpelier, for Defendants-
  Appellants Richard Baker, M.D. and Rutland Primary Care.


PRESENT: Dooley, Skoglund and Robinson, JJ., and Toor and Bryan (Ret.), Supr. JJ.,
         Specially Assigned


¶ 1.    **DOOLEY, J.**  This medical malpractice and wrongful death case comes to us on appeal from the denial of motions to dismiss filed by two sets of medical defendants, here termed the Hospital defendants[1] and the Baker defendants.[2]  Both sets' motions were predicated on plaintiffs' failure to timely serve process.  On appeal, the Baker defendants argue that the trial

---

[1]  Mary Beerworth, M.D., Daniel Foley, M.D., Carol Ghent, R.N., Laura Ponder, R.N., Sarah Bache, R.N., Carol Adams, R.N., Shelby Stukus, R.N., the Rutland Hospital, Inc., d/b/a Rutland Regional Medical Center, the Rutland Hospital, Inc., d/b/a Rutland Women's Healthcare, Rutland Regional Health Services, Inc., Individually, and/or Rutland Regional Health Services, Inc d/b/a Rutland Women's Healthcare.

[2]  Richard Baker, M.D. and Rutland Primary Care.

court's grant of an enlargement of time to serve process expired prior to plaintiffs' serving of the summons and complaint, while the Hospital defendants contend that although they signed a waiver of service, plaintiffs failed to file that waiver with the court before the expiration of the service period. Both sets of defendants also appeal from the trial court's conclusion that even if plaintiffs' service was found to be untimely, it retained the authority to retroactively grant a motion for enlargement of time and extend the period for service after the running of the statute of limitations on the basis of excusable neglect. We affirm.

¶ 2. Plaintiffs, the parents of a newborn baby, alleged that on June 12, 2012, their son died as a result of the medical malpractice of the Hospital defendants and the Baker defendants. Plaintiffs filed their complaint against both sets of defendants on June 20, 2014. It is undisputed that this filing was within the period established by the applicable statute of limitations. See 12 V.S.A. § 521. Under Rule 3, plaintiffs then had sixty days to serve defendants. V.R.C.P. 3. On August 18, 2014, the day before the sixty-day period was set to expire, plaintiffs moved for an enlargement of time for service, requesting that the court extend the deadline for service of process "for an additional sixty (60) days." The motion was based on a series of unexpected tragedies in the life of plaintiffs' counsel, including the death of his brother on May 26, 2014 and his father on June 27, 2014. The trial court signed and handwrote "Granted" on plaintiffs' motion on August 29, 2014 without providing a new specified date by which service had to be completed. The court issued this order on September 2, 2014. Plaintiff effected service by sheriff on the Baker defendants on October 23, 2014. The returns of service were filed on November 4, 2014. Additionally, on October 23, 2014, counsel for the Hospital defendants signed and returned to plaintiffs a Rule 4(l) notice of lawsuit and waiver of service of summons. The waiver included language stating defendants waived all "objections based on a defect in the summons or in the service of the summons." Plaintiffs did not file this waiver with the trial court until December 3, 2014.

2

¶ 3.    On November 19, 2014 the Baker defendants filed a motion to dismiss the claims against them under Vermont Rule of Civil Procedure 12(b)(5) on the ground that the court's extension of time began on the original deadline of August 19, 2014 rather than August 29, 2014, when the court granted the order, or September 4, 2014, when the court issued the order.  They argued that this rendered service after October 20, 2014—60 days after August 19—untimely.  The Hospital defendants also filed a motion to dismiss on the ground that the additional time granted by the court to complete service had expired when plaintiffs filed their waiver of service on December 3, 2014.  Plaintiffs opposed the motions on December 7, 2014, arguing that the trial court had discretion to enlarge the time for service, particularly as the enlargement did not prejudice either class of defendants.  On January 20, 2015, plaintiffs filed an additional motion for retroactive enlargement of time to complete service in the event the court did not find that the service was timely, asserting that any untimeliness was the result of excusable neglect.  In support of his excusable neglect argument, plaintiffs' counsel cited additional personal circumstances: the marriage of his son, his separation from his wife, two eye surgeries, participation in meetings of the Judicial Nominating Board, and the campaign for re-election to his seat in the Vermont Senate, all of which had taken place between June and December 2014.

¶ 4.    On February 8, 2015, the trial court denied all defendants' motions to dismiss.  In its decisions, the court stated that, based on both the judge's "subjective intent" and fairness to the plaintiffs, it was "clear" the original extension of sixty days was intended to begin the day it was granted.  With regard to the Hospital defendants, the court ruled that the waiver of service of summons was signed within the sixty days allowed to plaintiffs and that the case against the Hospital defendants would not be dismissed "based only" on plaintiffs' delay in filing the return given Vermont's "long-standing preference for having cases resolved on the merits."  Finally, the court ruled plaintiffs' retroactive motion for additional enlargement moot, without considering the arguments of excusable neglect.

¶ 5.     On February 20, 2015, all defendants filed motions for reconsideration, or alternatively, for permission for interlocutory appeal.  On April 3, 2015, the court denied all motions, acknowledging that the initial order of "Granted" was ambiguous and affirming its earlier interpretation that the grant extended the service period from the date of the order itself, rather than from the original service deadline.  The court also noted that because the reasons for plaintiffs' delay were "compelling" and attributable to plaintiffs' attorney rather than plaintiffs themselves, the court would have granted the second motion for enlargement of time and retroactively extended the time for service on excusable neglect grounds even if service were to be found untimely.  We granted both defendants' motions to appeal on May 21, 2015.

¶ 6.     On appeal, the Baker defendants' primary argument is that the trial court's order of August 29, 2014 unambiguously established a service deadline of October 20, 2014, while the Hospital defendants contend that the deadline for service passed before the effective date of service under V.R.C.P. 4(l)(5): December 3, 2014, when plaintiffs filed the Hospital defendants' waiver.  Finally, both sets of defendants argue that the trial court erred when it stated in the alternative that it would retroactively extend the time for service because the statute of limitations had expired prior to the plaintiffs' request and because plaintiff did not adequately demonstrate excusable neglect.

¶ 7.     The trial court's reason for denying the motions to dismiss, applicable to both defendants, is its finding of excusable neglect and the determination that it can extend the period for service retroactively despite the expiration of the limitation period set by 12 V.S.A. § 521.  If we affirm the court's decision on these issues we do not have to reach other grounds raised by the motions to dismiss.  Accordingly, we start with these issues.

¶ 8.     This Court reviews a motion to dismiss under the same standard as a trial court.  "A motion for failure to state a claim may not be granted unless it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief."  Dernier v. Mortg.

Network, Inc., 2013 VT 96, ¶ 23, 195 Vt. 113, 87 A.3d 465 (quotation and citation omitted).  We will assume that "all factual allegations pleaded in the complaint are true, accept as true all reasonable inferences that may be derived from plaintiff's pleadings, and assume that all contravening assertions in defendant's pleadings are false."  Id. (quotation and citation omitted).

¶ 9.    Because plaintiffs did not file the waiver of service until December 3, 2014, after both the extension of time initially granted by the court and the limitation period had expired, plaintiffs and the trial court rely on the court's power under V.R.C.P. 6(b)(2) to extend a time limit "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect."  In Bessette v. Dep't of Corr., we ruled that "a properly granted Rule 6 extension can extend time for service under Rule 3."  2007 VT 42, ¶ 10, 182 Vt. 1, 928 A.2d 514.

¶ 10.    Both sets of defendants argue that any retroactive extension of time would have been invalid. Their argument is that: (1) an after-the-fact extension of time for service under V.R.C.P. (6)(b)(2) cannot revive a claim that has already expired where the statute of limitations has run; and (2)  plaintiffs did not demonstrate excusable neglect.

¶ 11.    We start with the first argument, recognizing that we have never explicitly addressed it in the context of a retroactive time extension.  We have two precedents that particularly bear on the issue.  The first is Weisburgh v. McClure Newspapers, Inc., 136 Vt. 594, 596, 396 A.2d 1388, 1390 (1979), which resolves the issue in the absence of a motion to extend the service period.  In short, Weisburgh holds that where, as here, a plaintiff files the case within the limitation period, the plaintiff must complete service within the time limit specified in Rule 3 or plaintiff will lose the filing date for purposes of statute of limitations compliance.  Id.; see Fercenia v. Giduli, 2003 VT 50, ¶¶ 9, 12, 175 Vt. 541, 830 A.2d 55 (mem.) (following Weisburgh).  Weisburgh notes that the case was filed about two weeks before the expiration of the limitation period and that the then-existing Rule 3 provision required service within 30 days,

5

at least impliedly recognizing that service could occur after the expiration of the limitation period. It also states that "[n]o motion to enlarge the time for completing service under V.R.C.P. 6 was made within the period," suggesting it would take such a motion to extend the period. Weisburgh, 136 Vt. at 595, 396 A.2d at 1390.

¶ 12. The second case is Bessette, which did involve an extension of time for service, albeit one that occurred as a result of a motion made within the time for service. The defendant's main argument in that case was that the time extension authority of Rule 6(b) could not be used to extend the time for service under Rule 3, an argument we explicitly rejected as noted above. Bessette, 2007 VT 42, ¶ 10. Secondarily, the defendant argued that the trial court could not extend the service period if the resulting service would occur after the expiration of the limitation period. We also rejected that argument, stating "Weisburgh permits the statute of limitations to be tolled such that service may be completed after the limitation period has run so long as it is completed in a timely manner under the rules." Id., ¶ 12. In support of this holding we explained that "the date the complaint is filed controls the tolling of the statute of limitations" and that "[t]he date by which one must initiate an action is controlled by statute. The time permitted for service once a complaint has been filed, on the other hand, is a procedural matter controlled by the rules." Id., ¶ 13.

¶ 13. Defendants argue that Weisburgh and Bessette allow service of a timely filed complaint to occur after the limitation period has expired only if an extension of time to serve was sought before the expiration of the limitation period. Otherwise, defendants argue, the tolling of the limitation period caused by the filing will end when the time for service expires— tolling cannot be retroactively reinstated.

¶ 14. As we stated above, we recognize that we have never decided this issue in a precedential opinion, although the United States District Court has predicted that the Bessette tolling rule will apply whether the motion is made before or after the expiration of the time for

service. Zhang v. Smugglers' Notch Mgmt. Co. Ltd., 2012 WL 2872841, at *3-4 (D. Vt. Jul. 12, 2012).[3] Based on our research, we conclude that courts from other jurisdictions are split on the resolution of this question. Compare Whitaker v. Stamping, 302 F.R.D. 138, 143 (E.D. Mich. 2014) (extension of time to complete service retroactively tolls statute of limitations; court concludes that "any prejudice to the defendant must yield to competing prejudice to the plaintiff"); Henneberry v. Borstein, 937 N.Y.S.2d 177, 180-81 (App. Div. 2012) (pro se plaintiff entitled to extension of time to effect proper service even though limitation period expired before motion was granted where defendants were aware of plaintiff's action and were not prejudiced by service errors; court relies upon New York's "strong interest in deciding cases on merits") with Simpson v. Bailey, 648 S.W.2d 464, 465-66 (Ark. 1983) (while trial court has discretion on showing of good cause to enlarge period of time provided in rule on commencement of an action, that discretion must be exercised within time period allowed under rule and before statute of limitations has run); Read v. Miller, 802 P.2d 528, 532 (Kan. 1990) (retroactive extension of time to serve cannot save action that is not served before limitations period has expired because defendant has a "vested right" in statute of limitations defense (quotation and citation omitted)).

¶ 15.   We conclude that the action of the trial court was consistent with the holding in Bessette, even though it is an extension of that holding.  As Bessette and Weisburgh hold, the action was commenced when it was filed because filing controls the tolling of the statute of limitations.  See 12 V.S.A. § 521 (action must be "brought within three years of the date of the incident . . . ." (emphasis added)).  Service is a procedural matter controlled by the rules.  We are not persuaded that the limitation period irretrievably expired when service initially was not made during the period allotted for it.  This, of course, could occur if the motion were made before the

---

[3] The parties urge us to rely upon non-precedential authority.  Plaintiffs urge us to rely on Judge Crawford's decision in Mylan Tech., Inc. v. Zydus Noveltech, Inc., No. S0041-09 Cnc, 2012 WL 3638877 (Vt. Super. Aug. 9, 2012), issued when he was a Vermont Superior Judge and supporting plaintiffs' position.  Defendants urge us to rely on Hutchins v. Lerch, No. 2005-172, 2005 WL 6151852, *2 (Vt. Oct. 1, 2005) (unpub. mem.).  We have considered both.

expiration of the service period but was not acted on until after the service period expired. The operative rule under Bessette is that filing is the time of commencement of the action for purposes of the statute of limitations, as long as the time of service complies with the service rule. If the court properly found excusable neglect in this case, the extension complies with the service rule.

¶ 16. This brings us to defendants' second reason why they argue that the retroactive extension of the service period did not keep the limitation period from expiring—that the trial judge could not find excusable neglect.[4] Plaintiffs based their claim of excusable neglect on the following statement:

> 6. A series of events, expected and unexpected, occurred within the months of June through December of 2014 that resulted in the untimely filing of the Return of Service of Process for Baker and RPC, and the possible untimely filing of the Waiver of Service executed by counsel for Hospital Defendants. A partial list of these events is as follows:
>
> (a) The undersigned counsel's brother died in Florida unexpectedly at the end of May. Counsel's father also died in Florida unexpectedly five weeks later. Both events resulted in individual trips to Florida to be with family and to assist with the related legal affairs. The legal affairs of counsel's deceased brother continue.
>
> (b) Counsel's youngest son married on October 26, 2014 in Connecticut.
>
> (c) Counsel and his wife of 34 years separated in October of 2014.
>
> (d) Counsel underwent two eye surgeries, both of which severely limited the undersigned's vision and significantly impaired his ability to read until the first week of January, 2015.
>
> (e) Counsel was up for re-election to the General Assembly.

---

[4] We recognize that plaintiffs' retroactive extension motion is sparse, especially in regard to causation, and did not include an affidavit of counsel. Defendants did not, however, challenge it on these grounds, instead arguing that the personal circumstances described therein could not be excusable neglect. We have, therefore, not considered any deficiencies in the motion.

8

(f) Unanticipated meetings of the legislative Joint Fiscal Committee as a result of a significant downturn in the state's revenues required post-session legislative action.

(g) Untimely participation in multiple day meetings of the Judicial Nominating Board in order to fill necessary and time sensitive judicial appointments.

Defendants argue that on these facts, the trial court could not find excusable neglect under the standard established in In re Town of Killington, 2003 VT 87A, 176 Vt. 60, 838 A.2d 98.

¶ 17. The trial court enumerated five reasons for finding excusable neglect: (1) Defendants have not suffered any prejudice because they were in possession of the complaint and could begin their defense; (2) the greatest delay was only three days with little impact on judicial proceedings; (3) the reasons for the delay were compelling, many were "unanticipated and unavoidable setbacks of unusual proportions," and all were attributable to plaintiffs' counsel and not plaintiffs themselves; (4) plaintiffs and counsel were acting in good faith; and (5) failure to find excusable neglect would result in dismissal of the case rather than adjudication on the merits. Town of Killington involved the issue of whether the Town could receive an extension of the deadline within which to appeal its valuation for Act 60 purposes to the state Valuation Appeal Board from the Director of Property Valuation within the Vermont Tax Department. We found that the Town's ability to receive an extension was based on whether it could meet the "excusable neglect" standard in V.R.A.P. 4 applicable to appeals to the Supreme Court. The Town claimed excusable neglect because it failed to file a timely appeal because of "an internal office procedure breakdown in its counsel's office" causing a failure to calendar the appeal deadline date. Id. ¶ 19. We held that "this type of inattention to detail is not enough to extend the filing time for appeal under V.R.A.P. 4." Id.

¶ 18. Because V.R.A.P. 4 was taken from the identical federal rule, we looked to federal law to aid in determining the reach of our rule, particularly to the United States Supreme Court decision in Pioneer Investment Services. Co. v. Brunswick Associates Ltd. Partnership,

507 U.S. 380 (1993), which remains today the definitive explanation of the excusable neglect standard in F.R.A.P. 4. Pioneer notes at the outset that the standard requires "failure to comply with a filing deadline … attributable to negligence." Id. at 394. Thus, the issue is what negligence is excusable. The Court concluded "that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395 (footnote omitted). The factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. The Court noted that omissions of the litigant's lawyer are attributable to the litigant. Id. at 396-97.

¶ 19. In relying on Pioneer in Killington, we explained that the threshold created by the excusable neglect standard "remains high" and will be found "only in rare cases." Killington, 2003 VT 87A, ¶¶ 16, 17. We also noted that the most important factor is the reason for the delay, including whether it was within the party's control. Id. at ¶ 16.

¶ 20. Our standard of review is important to the resolution of this case, although unstated in Killington. The decision of the trial court in deciding whether there has been excusable neglect is discretionary, and our review is for abuse of discretion. See Shields v. Gerhart, 163 Vt. 219, 221, 658 A.2d 924, 926 (1995); Miller v. Ladd, 140 Vt. 293, 297, 437 A.2d 1105, 1108 (1981). Therefore, we must affirm the trial court unless we find that it "withheld [its discretion] . . . altogether, or that it exercised it for clearly untenable reasons or to an extent clearly untenable." Miller, 140 Vt. at 297-98, 437 A.2d at 1108.

¶ 21. We have previously considered some, but not all, of the circumstances present in the motion for a retroactive time extension. The fact that counsel was juggling the responsibilities of being a legislator and those of conducting a private practice of law as a sole practitioner cannot establish excusable neglect. In Killington, we cited and relied in part on a

10

decision from the United States Court of Appeals for the Second Circuit, Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248 (2d. Cir. 1997), which found no excusable neglect where plaintiff's counsel was "preoccupied with his bid for public office." Id. at 251. Under Canfield, we cannot conclude that plaintiffs' counsel's activities to run for election, or his activities once elected, support a finding of excusable neglect.

¶ 22.   We have not addressed a finding of excusable neglect based on the pressures of the kind of personal circumstances alleged here.  Our cases involving untimeliness caused by a party's lawyer have dealt with ordinary negligence or failures, such as internal law office breakdowns, or mistakes of law.  See LaFrance Architect v. Point Five Dev. S. Burlington, LLC, 2013 VT 115, ¶ 14, 195 Vt. 543, 91 A.3d 364; Bergeron v. Boyle, 2003 VT 89, ¶ 22, 176 Vt. 78, 838 A.2d 918 ("Plaintiffs' excuse that an attorney's vacation and a related breakdown in internal office procedures resulted in the late filing is insufficient to warrant a finding of excusable neglect."); Rule v. Tobin, 168 Vt. 166, 174, 719 A.2d 869, 874 (1998) (noting parties are not protected from later-regretted "tactical decisions" or counsel's ignorance of the law).  The circumstances here were outside the control of counsel, although his management of his law office and his client's cases in the face of these circumstances were within his control.  We agree with the trial court that the other Pioneer factors may support a finding of excusable neglect in this instance.

¶ 23.   We conclude that any one of the personal events cited by plaintiffs' counsel, standing alone, would likely not have met the standard of excusable neglect. A lawyer is expected to manage his or her law practice and protect the interest of clients despite the adverse personal events that are a normal part of all our lives. Here, however, the trial court appears to have relied upon the combined effect of the numerous personal circumstances that confronted plaintiffs' counsel, labeling them "compelling" and "unanticipated and unavoidable setbacks of unusual proportion."  We conclude that evaluating such a combination of unusual circumstances

11

falls within the discretion of the trial court, and the court's conclusion was not an abuse of discretion.  The trial court having exercised its discretion here to find excusable neglect, we must affirm the decision to extend the time for service under V.R.C.P. 6(b)(2).

Affirmed.

FOR THE COURT:

_____

Associate Justice