*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2015-314

JUNE TERM, 2016

| | |
|---|---|
| JoAnn Taft-Blakely | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Reinhart Foodservice, LLC, Charles Beal and Ronald Yates | } DOCKET NO. 865-8-14 Cncv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff JoAnn Taft-Blakely appeals the court's order denying her motion to extend time for effecting service of the complaint she filed and dismissing her case for failure to timely perfect service. On appeal, plaintiff argues that the court abused its discretion in denying her motion because the delay in service was supported by excusable neglect. We affirm.

This personal-injury suit stems from two separate motor vehicle collisions, which took place on September 12, 2011 and October 12, 2011. The parties all agree that any cause of action stemming from the accidents was subject to a three-year limitations period. 12 V.S.A. § 512. On August 25, 2014, plaintiff filed a complaint. Pursuant to Vermont Rule of Civil Procedure 3, the summons and complaint needed to be served within sixty days. V.R.C.P. 3 (stating that when action commenced by filing, summons and complaint must be served on defendant within 60 days). On September 4, 2014, plaintiff served the defendants with the complaint and summons by sending it to the Commissioner of Motor Vehicles. 12 V.S.A. § 891 (providing that Commissioner authorized to be served with process for suit "growing out of any accident or collision"). Plaintiff sent copies of the summons and complaint to the insurance representatives for each defendant on September 30, 2014 and October 1, 2014. Plaintiff failed, however, to follow the procedure set forth in the statute by sending copies of the return of service to defendants personally by certified mail and submitting an affidavit of compliance. Id. § 892(a) ("Service shall be sufficient upon the person, provided that a copy of the process with the officer's return on it, showing service upon the Commissioner as provided in this section, is sent by the plaintiff to the defendant, or the personal representative of his or her estate, by registered or certified mail, and provided further that the plaintiff's affidavit of compliance is filed with the process in court.").

On February 5, 2015, plaintiff sent the summons and complaint to all defendants by certified mail and filed a certificate of compliance with the court. She also filed a motion to enlarge the sixty-day time period. She argued that there were grounds to demonstrate excusable neglect because there was no prejudice to defendants, the length of delay was only a few months, and "while the delay was within [her counsel's] control, it was simply an oversight" and was not

the result of bad faith. Defendants opposed the motion, arguing both that a Rule 6(b) motion cannot be used to extend the time for completing service after the statute of limitations had run and that plaintiff had failed to demonstrate excusable neglect.

The court denied the motion. The court concluded that plaintiff could file a motion to enlarge time for service even after the deadline had expired, but that plaintiff had failed to demonstrate excusable neglect because the reason for the delay—counsel's oversight—was a matter totally within plaintiff's control and an insufficient basis to warrant an extension. Plaintiff appealed.

In Clark v. Baker, 2016 VT 42, ¶ 15, this Court recently held that a motion to extend the time for completing service may be filed after the limitation period expires. The filing of the complaint controls the tolling of the statute of limitations and service may be completed after the limitations period has run as long as it is completed in a timely manner under the rules. Id. Therefore, the critical question in this case is whether plaintiff demonstrated excusable neglect necessary to grant an extension of time. V.R.C.P. 6(b)(2) (allowing court to extend time after expiration of specified period "where the failure to act was the result of excusable neglect"); Bessette v. Dep't of Corrs., 2007 VT 42, ¶ 10, 182 Vt. 1 (explaining a Rule 6 extension can extend time for service under V.R.C.P. 3). This Court reviews the trial court's determination on excusable neglect for an abuse of discretion. Baker, 2016 VT 42, ¶ 20.

The factors to be considered in evaluating whether excusable neglect exists in a case are: "the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." In re Town of Killington, 2003 VT 87A, ¶ 16 176 Vt. 60 (quotation and alteration omitted). The standard is flexible, but the reason for the delay is the focus and has the greatest import. Id.

Here, the court found that three factors favored plaintiff—there was no prejudice to defendants because they were all aware of the claims and there was no loss of evidence, the length of delay was modest, and there was no bad faith. The court reasoned, however, that as to the most important factor, the reason for the delay, plaintiff had failed to demonstrate that the "oversight" that resulted in the delay in service amounted to excusable neglect.

On appeal, plaintiff argues that the court abused its discretion in concluding that there was no excusable neglect in this case. Plaintiff argues that the mistake and oversight by counsel in this case were sufficient to establish excusable neglect. In support, plaintiff relies on Ying Ji v. Heide, 2013 VT 81, 194 Vt. 546. In that case, the court dismissed the case after plaintiff failed to appear at a scheduled status conference, and plaintiff then moved for relief from judgment and to reopen the case under Vermont Rule of Civil Procedure 60(b)(1), explaining that due to a failure to check the correct online calendar counsel had missed the hearing. The trial court denied the motion. On appeal, this Court reversed, reasoning that the dismissal was akin to a default judgement and emphasized the preference for deciding cases on their merits. Id. ¶ 14. The Court stated, however, that counsel's failure to properly calendar the hearing was "not the kind of 'excusable neglect' that would warrant extension of a missed appeal deadline." Id.

This case is distinguishable from Ying Ji, which involved a distinct set of facts. In concluding that the trial court acted outside of its discretion in Ying Ji, this Court relied in great part on the fact that the underlying dismissal was a disproportionate sanction, amounting to a default judgment with no notice or opportunity to be heard before the dismissal. Ying Ji, 2013 VT 81, ¶¶ 6-9.

2

Those factual considerations are not present in this case, which instead involves plaintiff's failure to timely complete service due to counsel's oversight. As we have previously explained, "ignorance of the law or inattention to detail [will] rarely constitute excusable neglect." In re Lund, 2004 VT 55, ¶ 5, 177 Vt. 465. The trial court was therefore well within its discretion in concluding that plaintiff's counsel's admitted oversight in following the correct procedure fell short of the excusable-neglect standard. See Bergeron v. Boyle, 2003 VT 89, ¶ 22, 176 Vt. 78 (holding that "attorney's vacation and a related breakdown in internal office procedures" insufficient to warrant excusable neglect); Killington, 2003 VT 87A, ¶ 17 (explaining that "excusable neglect" must remain strict standard "lest there be a de facto enlargement" of filing deadlines).

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice

3