Vermont Superior Court
Filed 10/20/23

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-02295

---

Elisabeth Shedd v. Town of Calais, Vermont

---

Opinion and Order on Motions to Reconsider and Extend

Plaintiff moves the Court to reconsider its determination that the 30-day filing period under Vt. R. Civ. P. 75 has run in this action. Specifically, she argues that she did not receive proper notice of the Defendant's action, so the filing period never began to run. Plaintiff also moves to extend the filing period to permit this Vt. R. Civ. P. 75 action to proceed. The Defendant opposes both motions. The Court makes the following determinations.

I.      Motion to Reconsider

As the Rules of Civil Procedure have no formal standards for motions to reconsider, courts often analyze them under the provisions of Vt. R. Civ. P. R. 59. *See Drumheller v. Drumheller,* 185 Vt. 417, 432 (2009). Under that rule, a motion to reconsider should not be a vehicle to relitigate matters previously adjudicated by the court or to consider matters not initially raised by the moving party. *Keene Corp. v. Int'l Fid. Ins. Co.,* 561 F. Supp. 656, 665 (N.D. Ill. 1982). As a result, as the District of Vermont has rightly noted: "'The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters,

1

in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Latouche v. North Country Union High School Dist.*, 131 F. Supp. 2d 568, 569 (D. Vt. 2001) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." 131 F. Supp. 2d at 569.

While the above precedents inform the Court's review, Plaintiffs are also correct that, as Rule 54(b) provides, the Court retains extremely broad discretion to reconsider its interlocutory orders. Vt. R. Civ. P. 54(b) (interlocutory orders "subject to revision at any time" prior to entry of final judgment); *see Drumheller,* 185 Vt. at 432. A court should not hesitate to revisit a ruling that has been issued in error. As Justice Jackson famously noted: "I see no reason why I should be consciously wrong today because I was unconsciously wrong yesterday." *Commonwealth of Massachusetts v. United States*, 333 U.S. 611, 639-40 (1948) (Jackson, J., dissenting).

Here, Plaintiff suggests that the Court overlooked its argument that she did not receive proper notice of the Defendant's action concerning this matter and that, as a result, the filing period under Rule 75 never began to run. While it is true that the Court's prior Order did not discuss this aspect of the Plaintiff's argument, the Court did not overlook it.

The Court considered the fact that Plaintiff was represented by counsel during the time the Defendant issued its January 2023 Notice of Remedial Actions, that counsel received notice of it, that counsel acknowledged receipt of it and

Plaintiff's receipt of it, and that he noted her objection to the Notice of Remedial Actions.

Rule 75 requires that a case "shall be filed within 30 days after notice of any action … of which review is sought." Vt. R. Civ. P. 75(c). Under such circumstances, the Court concludes that Plaintiff had sufficient notice of the Defendant's action to warrant initiation of the filing period beginning in January 2023. Plaintiff's contentions, based on Town ordinances, that some form of personal service was needed to trigger the time for filing under Rule 75, are not persuasive, at least under the circumstances of this case.

II.    <u>Motion to Extend Time for Filing Under Rule 75</u>

Plaintiff asks the Court to extend the time for filing this action under Rule 75, citing various factors, including her confusion over how to contest the Defendant's actions as a procedural matter and her alleged mental health issues. Defendant maintains that Plaintiff should have made the appropriate filing and that she has failed to set forth sufficient "excusable neglect" to extend the filing period.

No doubt, Plaintiff's motion faces an uphill climb. In determining whether excusable neglect exists, courts can consider "'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *In re Town of Killington*, 2003 VT 87A, ¶ 16, 176 Vt. 60, 67–68 (quoting *Pioneer Inv.*

3

*Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Our High Court has also stated, however, that "the appropriate focus is on the third factor: the reason for delay, including whether it was within the reasonable control of the movant." *In re Town of Killington*, 2003 VT 87A, ¶ 16, 176 Vt. at 68. The threshold to grant such a motion is "high" and will be found "only in rare cases." 2003 VT 87A, ¶¶ 16, 17, 176 Vt. at 68–69.

Cases are also legion that breakdowns in office procedures and other matters within the control of counsel simply do not amount to excusable neglect. *In re von Turkovich*, 2018 VT 57, ¶ 6, 207 Vt. 545, 549 (collecting cases on that point); *but cf. Clark v. Baker*, 2016 VT 42, ¶ 23, 201 Vt. 610, 621 (extreme personal catastrophes suffered by counsel, taken together, may suffice). The Supreme Court has instructed trial courts to take a "hard line" regarding excuses that were fully in control of parties or counsel. *In re Town of Killington*, 2003 VT 87A, ¶ 17, 176 Vt. at 68–69.

To evaluate the merits of Plaintiff's motion, some background is needed. This is the "Second Case" involving these parties and Plaintiff's horses. In the "First Case" (Docket No. 22-CV-1894), the Court found that Plaintiff had created a public nuisance by repeatedly allowing her horses to roam freely in the Town. The Court entered a final injunction in December 2022. The injunction gave the Defendant custody of the horses and the authority to define the terms for their return. The Court's Order indicated that it "is up to the Town, not the Defendant or the Court,

4

to decide what remedial action must be taken before an offender may get his or her livestock back." Neither side appealed that Order.

In January 2023, Defendant issued its Notice of Remedial Actions setting out what steps Plaintiff needed to take to obtain the return of the horses. As noted above, Plaintiff, through counsel, received notice of that action and indicated her objection to it.

Within 30 days of that notice, Plaintiff filed a motion in the First Case contesting the Notice of Remedial Actions. Defendant countered arguing, in part, that there is a significant legal question as to whether this Court has ongoing jurisdiction to address the challenge to the Notice of Remedial Actions.

On April 27, 2023, the Court agreed with Defendant's assessment. It concluded that the First Action ended in December 2022, that it was a final order, and that neither side appealed. Consistent with its December Order, the Court determined that it had no ongoing jurisdiction to review the Notice of Remedial Actions. It denied Plaintiff's motion on that basis.

On May 26, 2023, Plaintiff filed this case.

\*         \*         \*

The subsidiary factors concerning whether to extend the time for filing this Rule 75 action generally favor Plaintiff. The Court sees no significant prejudice to Defendant or the administration of justice in allowing the case to proceed and be considered on the merits. Nor can the Court conclude that Plaintiff has acted in bad faith. The length of delay is neutral. While Plaintiff did not file when the

5

Defendant raised the jurisdictional issue in its opposition to her motion in the First Case and waited until nearly the full 30 days had passed before filing this action in May, she did file within 30 days of the Court's ruling making clear that she must follow Rule 75 to contest the Notice of Remedial Actions.

The principal factor to consider is the reason for the failure to file on time. It is axiomatic that matters that are within the control of the parties or counsel do not typically establish "excusable neglect." In these unique circumstances, however, the Court is persuaded that the excusable neglect standard has been met. First, although in the incorrect forum, Plaintiff did attempt to contest the Notice of Remedial Actions within 30 days of its issuance. Second, as a result, Defendant has been aware of her substantive objections since that time. Third, the procedural nature and posture of the First Case was subject to reasonable debate. The First Case involved the confluence of nuisance law, both municipal and under 24 V.S.A. § 2121, and the Court's equitable/injunctive powers. Although the Court's Order implied and the Court ultimately determined that the December 2022 Order was a final order, the Court cannot conclude that Plaintiff's arguments for a different result were wholly meritless.

Given those considerations, the Court agrees to extend the deadline for filing this action to 30 days following the Court's April 27 ruling. Accordingly, the action was timely filed.

III.    Conclusion

Based on the foregoing, the Motion to Reconsider is denied.  The Motion to Extend is granted.   The matter will be set for a Status Conference to discuss next steps.  The Court continues to encourage counsel to confer to attempt to arrive at an agreed-upon resolution of this matter.

Electronically signed on Wednesday, October 18, 2023, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge