Vermont Superior Court
Filed 12/12/23
Caledonia Unit

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 289-12-19 Cacv

| Letourneau et al vs. Claffey |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Amend; Motion to Compel; Motion to Strike Case Discovery Deadlines; ;
Defendant's Expert Disclosures and to Exclude Defendant's Experts (Motion: 14; 15; 16)
Filer:          Sara-Ellen M. A. Moran; Sara-Ellen M. A. Moran; Celeste E. Laramie
Filed Date:          October 24, 2023; October 24, 2023; November 03, 2023

The motion is GRANTED IN PART and DENIED IN PART.

The pending three motions to amend, compel, and strike all deal with unfinished discovery in this matter. Despite the fact that this action was filed four years ago, Defendant seeks to re-open the window for discovery in significant ways, despite the fact that the most recent amended discovery schedule in this matter expired seven months before Defendant's present motions. While Defendant Claffey points to several places where she claims Plaintiffs failed to respond or provide necessary information. Claffey's histories in this matter, however, are not particularly compelling and do not explain why Claffey did not seek an earlier extension of these deadlines, which were established by her in July 1, 2022 filing.

### *Standard of Review for Motion to Amend*

When a party seeks additional time after a deadline has passed, the standard changes from "good cause" for the extension to "excusable neglect." V.R.C.P. 6(b)(1)(B). The Vermont Supreme Court has instructed that the standard for excusable neglect is high. E.g., *In re Town of Killington*, 2003 VT 87A ¶ 16. At the same time, this determination lies within the broad discretion of the trial court, and is ultimately an equitable one that should take account of all relevant circumstances surrounding the omission. *Clark v. Baker*, 2016 VT 42, ¶¶18–23 (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)). The Vermont Supreme Court has noted that these factors can include (1) the danger of prejudice to the non-moving party; (2) length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant

acted in good faith. *Killington*, 2003 VT 87A, at ¶16 (quoting *Pioneer*, 507 U.S. at 395); see also *In re von Turkovich*, 2018 VT 57, ¶ 5 Yet, as *Killington* and its progeny make clear, there must also be (5) a compelling reason to extend a deadline and (6) the reason for the extension may not be premised on reasons within the party's control. *Clark*, 2016 VT 42, at ¶ 19.

In this case, there are a mixture of deadlines that Defendant Claffey seeks to alter that invoke different factors.

*Extension of Time to Depose Sharon Lamb*

Defendant Claffey's first request seeks an extension of the time for her to take the deposition of the Letourneaus' expert, Sharon Lamb. Claffey's motion comes 11 months after the expiration of the deadline for such a deposition and ten months after the period in which the Letourneaus were willing to extend the window for this deposition to be scheduled. Claffey cites a few reasons why this deposition has not occurred. First, she notes the delay in the Letourneau's amended complaint, which was not accepted until the end of November 2022, but this reason is unavailing as it concerned a claim for consumer fraud, which is outside of both Lamb's opinion and the substance of her deposition. The other event cited is the amount of time Claffey's counsel had to invest at the time to respond to a separate case involving Claffey and similar allegations. This reason is equally unavailing and is the type of issue under the control of the party or their counsel. *Clark*, 2016 VT 42, at ¶ 22.

Beyond these reasons, the Court considers the issue of prejudice in this case. The deposition of Lamb is not a singular and self-contained discovery event in and of itself. It is, as Claffey admits, one step in a series of events that may require Claffey's expert to revise their disclosure and opinions, which may I turn trigger a need to re-depose this expert and supplement with additional information from the expert. Such process is perfectly acceptable within the deadlines of discovery, but discovery has concluded, and it would be prejudicial to Plaintiffs and threaten the time for setting this matter for trial to extend and effectively re-open this portion of the discovery process.

For these reasons, Defendant's request to extend the time for discovery for Sharon Lamb's deposition is **Denied.**

*Responses to Second Set of Interrogatories*

When the Court permitted the Letourneaus to amend their complaint to include a claim of consumer fraud, it also gave Claffey a new opportunity to serve discovery on these issues. In allowing this amendment, the Court granted this right to extend beyond the established discovery deadlines. The Letourneaus interpreted this decision to extend the discovery beyond the deadline for written discovery but not beyond the time for discovery under the then-existing discovery schedule, which ended all discovery in March of 2023. This interpretation by the Letourneaus is incorrect. The language and intent of the Court's order was to allow an extended window for this limited area of discovery, and the Letournaeaus' refusal to provide answers is inconsistent with this order.

Therefore, the Court **Grants** Claffey's motion to amend the discovery schedule to allow time for their discovery requests concerning the consumer fraud claims. The Letourneaus are also directed to provide answers and responses to these previously served interrogatories and requests to produce.

*Additional Discovery*

In her Motion to Amend, Claffey also seeks a general re-opening and extension of deadlines to conduct additional discovery based on supplemental responses from the Letourneaus. This request is not accompanied by any explanation as to why it is being made seven months after the close of discovery and in an open-ended manner. None of the issues arising in Claffey's motion to compel involve new or newly emerging issues. The defects in discovery are at least a year or more old, and nearly every one of them could have been raised before the close of discovery. Without a basis to establish excusable neglect, the Court cannot extend and re-open discovery at this late a date in the broad manner proposed. For this reason, the remainder of Claffey's Motion to Amend is **Denied.**

*Claffey's Expert Disclosures*

In their Motion to Strike, the Letourneaus seek to block the October 2023 expert witness disclosure from Claffey's expert witness as untimely. While these disclosures do fall outside of the window for expert disclosures, the question to strike is slightly different than the previous analysis concerning motions to re-open and extend discovery. In this respect, the Court's discretion is

broader. *Ley v. Dall*, 150 Vt. 383, 386 (1988) (noting the trial court's broad discretion to handle discovery matters). In this instance, the issue is not an extension of a deadline or a re-opening of discovery but the late filing of a previously promised and anticipated discovery disclosure. In this case, the disclosures go to the heart of Claffey's defense. These disclosures are not ancillary, and it would significantly impact her ability to defend herself if these disclosures were banned. Moreover, the Court will not be able to schedule this matter for trial for at least the next five months. Allowing these disclosures will not prejudice the Letourneaus as the Court will allow the Letourneaus an opportunity to depose Claffey's witness. Such deposition shall occur before March 31, 2024.

For these reasons, the Letourneaus' Motion to Strike is **Denied.**

*Motion to Compel*

Claffey seeks to compel the production of several pieces of discovery. Given the Letourneaus' supplemental production that have satisfied these requests, and their promised production of other material, the Court will review what is being requested.

First, Claffey seeks texts and communications between Jason Letourneau and Joel Pierce sharing statements that each child had given them regarding the abuse allegations at Claffey's daycare. Defendant points to a specific section in Jason Letourneau's deposition where he identified the exchange and notes that none of the communications produced by Plaintiffs matches the exchange. Claffey also identifies a similar admission in Fawn Letourneau's deposition. Claffey also notes that she has requested all relevant communication, including those that may have been exchanged before 2017. In their opposition, Plaintiffs do not strictly deny these facts. Therefore, the Court **grants** this portion of Claffey's motion and compels Plaintiff to produce any and all responsive communications pre-2017 and any text or communication that matches the communication described by Jason Letourneau in his deposition and Fawn Letourneau in her. If such communications truly do not exist or have been deleted or lost, then Plaintiffs must certify this fact and whether the communications never existed, were deleted, or were lost and how.

Claffey also seeks to compel the Letourneaus to create an index of all redacted material based on this missing information. This argument conflates two separate issues. The Letourneaus state that they have redacted communications that do not contain relevant information but instead deal with more pedestrian exchange—sharing recipes, small talk, etc. Nothing in Claffey's motion indicates that these redactions have been done in error or bad faith but are simply a way of

Entry Regarding Motion
289-12-19 Cacv Letourneau et al vs. Claffey

Page **4** of **6**

preserving some modicum of privacy amidst a very invasive discovery process by removing irrelevant information. While Claffey is entitled to all relevant communications, she is not entitled to large swaths of private or personal conversations that have no bearing on the matter at hand. Without evidence of any abuse of this redaction, there is no basis to compel an index or require *in camera* review. This portion of the motion is **denied**.

The Court has already addressed Claffey's second written interrogatories and the deposition of Sharon Lamb.

Next Claffey seeks discovery from the Letourneaus regarding their claims in the form of interrogatories and requests to produce that the Letourneaus objected to producing based on the elimination of their negligent infliction of emotional distress claims. Given, however, that that Court recently re-affirmed the Letourneaus' right to bring a loss of consortium claims, this information remains relevant and discoverable. This portion of Claffey's motion is **granted.** The Letourneaus shall provide responses to these outstanding interrogatories within 30 days of this Order.

The parties indicate that they have come to agreement and understanding about the production of LL's updated educational and medical records, the recordings of LL's sessions with Dr. Lamb, and certain sections of the material produced for discovery. The Court makes no ruling on these matters to the extent that they have been resolved and are addressed on a timely basis.

The remaining two issues in Claffey's Motion to Compel are Dr. Lamb's bills for her treatment of LL and any counseling session notes, billing, records, correspondence, or other documents. As to the bills, the Court **grants** Claffey's motion to compel. Plaintiffs shall produce these records. The Court understands that the Letourneaus do not presently plan to seek compensation for these bills, but Claffey makes a compelling argument that these documents represent relevant and discoverable material as they have the potential to have medical codes and other information that will indicate how Dr. Lamb saw and treated LL.

As to other counseling records, the issue is a question of existence. In at least one circumstance, it appears that LL received some counseling services through the school. If LL did receive such services, any notes or other documents are relevant to this matter and should be produced. The Court **grants** Defendant the right to receive and review these files to the extent that they exist. To the extent that any other mental health providers have treated LL, these records are

relevant and should be disclosed. Plaintiffs shall provide any and all records associated with LL's medical and mental health treatment dating to the beginning of his enrollment in the Claffey daycare. If such information has been produced in full, Plaintiffs shall certify to Defendant that they have made inquiries for these records with good faith and due diligence and that such records do not exist.

All discovery responses ordered in this decision shall be due on or before January 31, 2024, unless otherwise noted.

*Mediation and Sanctions*

Both sides seek sanctions in this matter based on the other side's alleged failure to comply. The Court does not find that one side is the prevailing party in this discovery dispute. Both sides have made meritorious arguments. That said, the Court would remind the parties that both sides must act in good faith for the remainder of this pre-trial period, and the purpose of the remaining discovery is to give each side the information necessary to complete their preparation for trial.

To that end, the Court directs the parties to schedule and complete mediation in this matter no later than April 1, 2024. If this deadline proves impossible due to the mediator's schedule, the parties may file a stipulated motion for an extension of time. Upon completion of mediation and the remaining discovery, the Court will set this matter for a pre-trial conference to set dates for trial.

## ORDER

Based on the foregoing, Defendant Claffey's Motion to Amend is **Denied,** except to allow additional time for Plaintiff Letourneaus to complete the consumer fraud discovery. Plaintiff Letourneaus' Motion to Strike is **Denied.** Defendant Claffey's Motion to compel is **Granted in part** consistent with the analysis above, and Plaintiffs shall produce the additional discovery ordered within the time frames laid out. The Court **Denies** sanctions to either side, and the Court directs the parties to complete mediation in this matter on or before April 1, 2024.

Electronically signed on 12/12/2023 2:02 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge