# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 92-7-17 Vtec

---

Valley Land Corp. et al Final PUD Application

---

## ENTRY REGARDING MOTIONS

Count 1, Municipal Planning Commission Other (92-7-17 Vtec)

| | |
|---|---|
| Title: | Motion for Extension of Time to File Notice of Appeal (Motion 1) |
| Filer: | Peter Armen |
| Attorney: | (Self-Represented Litigant) |
| Filed Date: | July 20, 2017 |

**The motion is DENIED.**

| | |
|---|---|
| Title: | Motion to Dismiss (Motion 2) |
| Filer: | Housing Vermont and Twin Pines Housing Trust |
| Attorney: | Nathan H. Stearns |
| Filed Date: | August 23, 2017 |

Response in support of Motion to Dismiss filed on 09/11/2017 by Attorney William F. Ellis for Interested Person Town of Hartford.

**The motion is GRANTED.**

Peter Armen appeals a June 14, 2017 decision by the Town of Hartford Planning Commission ("Planning Commission") approving a Planned Unit Development application submitted by the Valley Land Corporation,[1] Housing Vermont, and Twin Pines Housing Trust to construct multi-family dwellings in Hartford, Vermont. Mr. Armen has requested that the Court accept his late appeal. Mr. Armen filed his Notice of Appeal with this Court on July 20, 2017. Housing Vermont and Twin Pines Housing Trust ("Permittees") oppose that request and seek dismissal of the action for lack of subject matter jurisdiction, arguing Mr. Armen failed to file a timely appeal.

---

[1] Co-Applicant Valley Land Corporation has not entered an appearance in this appeal.

Permittees' application was approved on June 14, 2017.  The decision explains that interested persons who participated in the proceeding can appeal to the Environmental Division within 30 days pursuant to 24 V.S.A. § 4471 and V.R.E.C.P. 5.  The decision also explains that a failure to do so results in a loss of the right to challenge the decision.  Mr. Armen appealed to this Court on July 20, 2017, six days after the expiration of the appeal period.

Mr. Armen sent a letter with his appeal explaining that he had accidentally filed his appeal in the Windsor County Civil Court on July 14, 2017, and requesting that this Court consider the 30-day appeal period met.  The Court treats this correspondence as a V.R.A.P. 4(d) motion for extension of time to file notice of appeal.

Permittees filed their motion to dismiss on August 23, 2017, and four days later Mr. Armen sent an additional letter to the Court explaining that a misunderstanding of the online appeal submittal system resulted in his mistaken filing.[2]  Permittees argue the Court does not have jurisdiction to hear the untimely appeal and Mr. Armen is not entitled an extension of the time for filing a notice of appeal.[3]  For the reasons detailed below, the Court agrees with Permittees.

We begin our analysis by noting that "procedural rules are devices to ensure fairness, uniformity and regularity of treatment to all litigants before the courts, and to be meaningful, they must be enforced."  In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 21, 188 Vt. 262 (quoting Krulee v. F.C. Huyuk & Sons, 121 Vt. 299, 302 (1959)).  Courts ensure that self-represented litigants are not "taken advantage of by a strict application of the rules of procedure." Town of Washington v. Emmons, 2007 VT 22, ¶ 7, 181 Vt. 586.  However, courts still must enforce "the rules of civil procedure equitably, even against a pro se litigant."  Bloomer v. Gibson, 2006 VT 104, ¶ 14, 180 Vt. 397.

Pursuant to 24 V.S.A. § 4471, V.R.E.C.P. 5(b)(1), and 10 V.S.A § 8504(b)(1), interested persons have 30 days from the date of a municipal panel's decision to file a notice of appeal in this Court, unless an extension is granted pursuant to V.R.A.P. 4.  "Failure to file a timely notice of appeal brought under § 4471 deprives the environmental court of jurisdiction over that appeal."  In re Gulli, 174 Vt. 580, 583 (2002).

The Court may only grant a motion to extend the time for filing pursuant to V.R.A.P. 4(d) if the moving party shows good cause or excusable neglect.  V.R.A.P. 4(d)(1)(A)–(B).  While "good cause" is shown by a lack of fault, "excusable neglect" applies to situations in which there is fault. Reporter's Notes, V.R.A.P. 4, 2006 Amendment.

As the untimely appeal was the product of Mr. Armen's mistaken filing, the Court must determine if his neglect is "excusable."  The Court considers four factors in applying the excusable neglect standard under V.R.A.P. 4(d)(1): "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including

---

[2] Mr. Armen failed to provide a certificate of service for both the July 20 or August 27 correspondence pursuant to V.R.C.P. 4.  The Court will still consider these documents for the purposes of these motions as the Court finds neither party will be unduly prejudiced.

[3] The Town of Hartford has filed correspondence with the Court in support of Permittee's motion.  Town of Hartford Correspondence, Sept. 11, 2017.

whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id., ¶ 16 (quoting Pioneer Investment Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993)). "[T]he most important factor is the reason for the delay, including whether it was in the party's control." Clark, 2016 VT 42, ¶ 19 (citing Killington, 2003 VT 87A, ¶ 16).

"The excusable neglect standard remains high and will be found only in rare cases." Clark v. Baker, 2016 VT 42, ¶ 19, 201 Vt. 610. (quotations omitted). Further, inattention to detail will rarely constitute excusable neglect. See In re Town of Killington, 2003 VT 87A, ¶¶ 16–17, 176 Vt. 60.

In the present action, there is no evidence that Mr. Armen acted in bad faith. Further, a six-day delay following the expiration of the appeal period is not long and would not have a great impact on judicial proceedings. These factors weigh in favor of Mr. Armen.

There is a danger, however, that Permittees will be prejudiced if the Court were to deny the motion to dismiss and grant Mr. Armen's motion. In the context of an appeal period extension, prejudice may arise "if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal." Reporter's Notes, V.R.A.P. 4, 1996 Amendment (quoting Advisory Committee's Note to the 1991 Amendment of F.R.A.P. 4(a)). Permittees have alleged, in an affidavit attached to their motion, that they purchased the property in reliance on the Town's and this Court's confirmations that no appeals had been timely filed and the property was subject to the final approval, and they would not have purchased the property had they known an appeal was pending. Dunn Affidavit, ¶¶ 8–9.

Finally, timely filing was within Mr. Armen's reasonable control. The Court understands Mr. Armen is self-represented and may be unfamiliar with the Court's proceedings. However, the June 14, 2017 decision clearly explains an interested party's appeal right and Mr. Armen does not contend that he misunderstood the appeal procedure. Instead, Mr. Armen alleges in his August 27 letter that the mistaken filing was due to his misunderstanding of the online appeal options. Further, the mistake was easily corrected by contacting this Court.[4] The misunderstanding as to online appeal options and decision to file a notice of appeal on the final day of the appeal period were within Mr. Armen's reasonable control. This mistake fails to give rise to the high standard our Supreme Court has established for excusable neglect.

For the above reasons, the Court finds that Mr. Armen's untimely appeal does not meet the excusable neglect standard and he is, therefore, not entitled to his request to consider the appeal deadline met. For those same reasons, the Court concludes that Mr. Armen's appeal is untimely and that his untimely filing results in this Court lacking jurisdiction to hear this appeal.

**The motion to consider the appeal deadline met is DENIED.**

**The motion to dismiss the appeal is GRANTED.**

---

[4] An e-mail filed by Mr. Armen evidences that he waited until after 6:00 PM on the final day he could appeal to submit his appeal electronically, albeit to the Civil Division of the Windsor County Superior Court.

**So ordered.**

Electronically signed on September 20, 2017 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge

Notifications:

Appellant Peter Armen

William F. Ellis (ERN 3412), Attorney for Interested Person Town of Hartford.

Nathan H. Stearns (ERN 3585), Attorney for Appellee/Applicants Twin Pines Housing Trust and Housing Vermont.